208 N.J. Super. 75 (1984)
504 A.2d 1219
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, PLAINTIFF,
v.
RANDALL STACK, ROBERT STACK AND MOBILE WASH SYSTEMS, DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided November 8, 1984.
*76 Deirdre Scudellari for plaintiff (Ronca, McDonald, Judge and Hanley, attorneys).
Michael R. Justin for defendants.
BACHMAN, J.S.C.
In this declaratory judgment action, plaintiff American Bankers Insurance Company seeks a determination that defendant Randall Stack is not eligible for uninsured motorist (UM) benefits under a standard form automobile liability policy issued to Mobile Wash Systems, an unincorporated trade-name business owned and operated by Randall Stack's father, Robert Stack. This matter came before this court by way of non-jury trial on *77 September 27, 1984. The facts of this case are undisputed and have been stipulated by both parties. Decision was reserved pending supplemental briefs on the legal issues.
On Labor Day, September 1, 1980, defendant, Randall Stack was injured while a passenger in a truck owned by A-1 Dependable Answering Service and operated by Matthew Karnas. The vehicle operated by Karnas was apparently forced off the road and into a pole by an unidentified truck. At the time of the accident, Randall Stack was not within the course of his employment with Mobile Wash Systems and the Karnas vehicle was not being used in furtherance of the interests of Mobile Wash Systems.
The automobile negligence cause of action against the host driver, Karnas, and the truck owner, A-1, was settled with the Bituminous Fire and Marine Insurance Company for $60,000. The settlement was for less than the policy limit of $100,000 and was broken down into $45,000 from the personal injury liability portion and $15,000 in UM benefits. Defendant Randall Stack also recovered $15,000 in additional UM benefits from his stepmother's automobile insurance carrier. The only outstanding claim is the uninsured motorist claim against plaintiff, the insurer of Mobile Wash Systems. Arbitration has been stayed pending this declaratory judgment action.
The arguments on which plaintiff's declaratory judgment action are based are two-fold. First, plaintiff contends that the status of the injured claimant Randall Stack, does not fall within the definitional criteria for uninsured motorist coverage set forth at N.J.S.A. 39:6A-4. Second, the plaintiff contends that Randall Stack's settlement with his host driver for less than the latter's full policy limit bans Randall Stack from collecting UM benefits under the American Bankers policy.
Defendant, on the other hand, argues that Randall Stack is entitled to UM benefits under the policy issued to Mobile Wash Systems. Defendant arrives at this conclusion by the multistep argument that:

*78 1) Plaintiff is the insurer of Mobile Wash Systems;
2) Mobile Wash Systems, an unincorporated business, is the trade name of Robert Stack;
3) Robert Stack and Mobile Wash Systems are one in the same;
4) Therefore plaintiff also insured Robert Stack;
5) Therefore plaintiff must provide UM benefits to the family of Robert Stack;
6) Robert Stack is the father of Randall Stack who was a resident of the same household at the time of the accident involving an uninsured and unidentified vehicle; and
7) Therefore Randall Stack is entitled to UM benefits under the policy issued to Mobile Wash Systems.
UM coverage is mandated in all automobile liability policies pursuant to N.J.S.A. 17:28-1.1a. Automobile coverage is extended to the following three broad classes of persons pursuant to N.J.S.A. 39:6A-4:
a) The named insured and members of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or, as a pedestrian, being struck by an automobile;
b) To other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured with permission of the named insured; and
c) To pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
It is conceded by both parties herein that the second two categories are inapplicable to the present case. As to the first, however, plaintiff argues that Randall Stack is neither the named insured nor a member of the named insured's household since the policy was issued to Mobile Wash Systems, a business entity.
Both plaintiff and defendant cite various New Jersey cases that offer guidance in this dispute but which are not on all fours with the case sub judice.
Plaintiff relies on the case of Giambri v. Government Employees Insurance, 170 N.J. Super. 140 (L.Div. 1979), which held that an automobile liability insurance policy issued to a family-held corporation does not provide PIP coverage to members of the family "as members of the family of the named insured" under N.J.S.A. 39:6A-4.
*79 The Giambri court discussed the business reasons for securing automobile insurance coverage in a corporate name and reasoned that:
In such circumstances, this controlling group should not be allowed to have it both ways by using the corporate form to obtain tax benefits and then seeking to ignore the corporate form when the arrangement does not meet all of their expectations. [at 143].
On its face, plaintiff's argument based on Giambri is persuasive. Mobile Wash Systems is a business enterprise. Robert Stack's name, as an individual, appears nowhere on the policy. The policy was issued in the name of Mobile Wash Systems at Robert Stack's behest. Mobile Wash Systems, a business entity, could not have a household of which Randall Stack could be a member.
However, Giambri did not involve a trade-name business, but rather a family-held corporation. Corporations and unincorporated trade-name businesses are not legal equivalents and cannot be treated as such in the present case.
Although this court has been unable to locate any New Jersey case directly on point, the factually similar case of O'Hanlon v. Hartford Acc. & Indemn. Co., 639 F.2d 1019 (3d Cir.1981), has come to the court's attention. O'Hanlon, although not controlling precedent, does offer meaningful guidance in the present situation. The O'Hanlon court held that where an insured purchases an insurance policy in a trade-name, the policy will be viewed as if issued in his given name. The trade-name was viewed by the Court as the alter ego of the natural person. The O'Hanlon court rationalized its holding on the basis that the insurance company knew that the trade-name was synonymous with the insured or at least as "the insured trading as the trade-name". Of great significance to the court was the fact that the application for the policy noted that the insured was an individual and that the UM endorsement read as though it was designed for use with a policy that insured a natural person.
*80 The issuance of an insurance policy to a trade-name business gives rise to disputes regarding coverage in the absence of clarifying language. It is clear that nowhere in the insurance policy issued by plaintiff to Mobile Wash Systems is it expressly stated that the policy is purely for commercial use. Item No. 6 of the policy states that the purposes for which the automobiles are to be used are "pleasure and business". The definition of "insured" in the UM endorsement reads as if the named insured is a natural person. There is also no express exclusion of family members of unincorporated business enterprises.
It is well established that where the language in an insurance policy is ambiguous, the ambiguity is to be resolved against the insurer. Bryan Constr. Co., v. Employer's Surplus Lines Ins. Co., 60 N.J. 375, 377 (1972); Bauman v. Royal Indemn. Co., 36 N.J. 12, 21 (1961); Hunt v. Hospital Service Plan of New Jersey, 33 M.J. 98, 102 (1960); Fellippello v. Allstate Ins. Co., 172 N.J. Super. 249 (App.Div. 1979), and insurance policy language is to be interpreted liberally in favor of the insured. Bowler v. Fidelity & Cas. Co. of New York, 53 N.J. 313, 321 (1969); Mazzilli v. Accident & Cas. Co. of Witnerthur, 35 N.J. 1, 7-8 (1961).
If the controlling language will support two meanings, one favorable to the insurer and the other favorable to the insured, the interpretation sustaining coverage will be applied for "courts are bound to protect the insured to the full extent that any fair interpretation will allow." Fidelity and Cas. Co. of New York v. Carll & Ramagosa, 243 F. Supp. 481, 485 (D.N.J. 1965), appeal dism., 365 F.2d 303 (3d Cir.1966); Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 513-514 (1965); Mazzilli, supra, and Fellippello, supra.
Applying these principles to the insurance policy issued by plaintiff compels this court to hold that Randall Stack is entitled to UM benefits under the policy issued to Mobile Wash Systems, the trade-name of Robert Stack, his father.
As to plaintiff's second argument, plaintiff contends that defendant's settlement with his host driver for less than the *81 latter's full policy limit effectively bars defendant from collecting UM benefits under the American Bankers policy. This court disagrees.
New Jersey courts have consistently adhered to the principle of statutory construction with regard to automobile insurance that effectuates the broadest protection of auto accident victims consistent with the language of the pertinent statute. Fellippello, supra, 172 N.J. Super. at 261. Any attempt by an insurer to limit or restrict its liability on an uninsured motorist endorsement is contrary to both the intent and meaning of N.J.S.A. 17:28-1.1; Motor Club of American Ins. Co. v. Phillips, 66 N.J. 277 (1974); Beek v. Ohio Cas. Ins. Co., 135 N.J. Super. 1 (App.Div. 1975) aff'd ob., 73 N.J. 185 (1977). Our courts have consistently invalidated insurance policy provisions that attempt to reduce or limit uninsured motorist recoveries by monies received under bodily insurance policy provisions. Fellippello, supra; Fernandez v. Selected Risks Ins. Co., 163 N.J. Super. 270 (App.Div. 1978), certif. granted, 79 N.J. 488 (1979), cross-petition for certif. den., 79 N.J. 489 (1979).
As stated in State Farm Mutual Auto Liability Ins. Co. v. Kiser, 168 N.J. Super. 230 (App.Div. 1979), certif. den., 81 N.J. 348 (1979):
Where the insurance carrier has formed a policy contract in carrying out its statutory duty to provide uninsured motorists coverage (N.J.S.A. 17:38-1.1), it must be bound by its terms, and cannot avoid its obligation to its assured by pointing to another possible avenue for recovery of damages.
Neither the statute making UM coverage mandatory nor the policy contract requires the assured to exhaust or even undertake any steps to recover from any third parties....
The only limitation to an insured injured party recovering UM benefits is that his claims in the aggregate not exceed his damages. Ciecka v. Transamerican Insurance Group, 81 N.J. 421 (1979); Motor Club of America, supra; Riccio v. Prudential, 195 N.J. Super. 167 (App.Div. 1984).
Therefore, Randall Stack's settlement with his host driver for less than the latter's full policy limit does not bar him from collecting UM benefits under the American Bankers policy.
*82 Accordingly, for the reasons set forth above, Randall Stack is declared eligible to receive UM benefits under the American Bankers policy, notwithstanding his earlier settlement with his host driver.
Judgment for defendant will be entered in accordance with the above.