172

ROBERT R. HEALEY, PLAINTIFF-RESPONDENT, CROSS-APPEL-
LANT, v. ALLSTATE INSURANCE COMPANY, DEFENDANT-
RESPONDENT, CROSS-RESPONDENT, AND TRAVELERS IN-
SURANCE COMPANY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 22, 1988—Decided March 8, 1988.

Before Judges DREIER and BAIME.

*Donald P. Jacobs* argued the cause for appellant Travelers Insurance Company (*Budd, Larner, Gross, Picillo, Rosenbaum, Greenberg & Sade,* attorneys; *Gordon L. Kent,* of counsel; *Donald P. Jacobs,* on the brief).

*James A. Shafranski* argued the cause for respondent, cross-appellant Robert R. Healey (*Francis J. Lutz,* attorney; *James A. Shafranski,* on the brief).

*Frank Cofone, Jr.* argued the cause for respondent Allstate Insurance Company (*D'Amico & Cofone,* attorneys; *Frank Cofone, Jr.,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant Travelers Insurance Company (Travelers) and plaintiff Robert R. Healey appeal from Law Division orders determining that Personal Injury Protection (PIP) benefits were awardable to plaintiff under a Travelers' auto insurance policy and that defendant Allstate Insurance Company's (Allstate) benefits were not available. Travelers has appealed from the

order of liability, and plaintiff has apparently cross-appealed solely from the order relieving Allstate from responsibility.

The facts in this case are relatively simple. Plaintiff, a resident of Texas, on December 30, 1084 rented a car insured by Travelers at Newark Airport to attend a family party. The named insured on the Travelers' policy was National Car Rental, a corporation. After becoming intoxicated at the party, plaintiff left the car parked in a parking lot and was walking when he was struck by a car insured by defendant Allstate. It was represented, however, that the Allstate-insured vehicle was owned, principally garaged and operated by a driver domiciled in the State of New York who was merely passing through New Jersey at the time.

The Travelers' policy substantially conformed to *N.J.S.A.* 39:6A–4. In pertinent part, the statute reads:

> Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage.... to the named insured and members of his family residing in his household who sustained bodily injury ... as a pedestrian, being struck by an automobile or by an object propelled by or from an automobile....

The relevant section of the policy reads:

> '[E]ligible injured person' means
>
> (a) the named insured or any relative of the named insured, if the named insured or relative sustains bodily injury
>
>     *     *     *     *     *     *     *     *
>
> (2) while a pedestrian, as a result of being struck by a private passenger automobile or by an object propelled by or from a private passenger automobile.

The statute defines "named insured" as

> the person or persons identified as the insured in the policy and, if an individual his or her spouse.... [*N.J.S.A.* 39:6A–2(g)].

The trial judge determined that since the "named insured" on the Travelers' policy was a corporation engaged in renting vehicles, and since the corporation could not be personally injured nor could it have family members who are injured, the listing of the vehicle's corporate owner in the policy somehow

perpetrated a fraud against its leasing customers. The judge found that in order to classify National Car Rental as the only named insured where their business is the leasing of cars almost becomes ludicrous. That's their business, and for them to be able to withdraw the benefits of the policies as dictated by statute by the mere mentioning of a corporate named insured which then means nobody else can recover as a named insured under that policy subverts the entire intent of the no fault legislation.

The judge further opined that plaintiff should not be penalized for doing that which he should have done under the circumstances, namely walk when he was unfit to drive. Despite the language of the statute and the policy, the court stated it would extend coverage to plaintiff as a named insured.

In some respects plaintiff was an insured under the policy. He was afforded liability coverage and had limited PIP benefits under subpart b of the PIP endorsement while occupying, using, entering into or alighting from the insured automobile. He had limited additional coverage as a pedestrian if an accident had been caused by either the insured automobile or by his being struck by an object propelled by or from the insured automobile. This is the precise coverage mandated by the statute. A "named insured" or a member of his or her family, however, had broader coverage under both the policy and *N.J.S.A.* 39:6A-4. The statute provides PIP coverage, as noted above, for accidents resulting from "being struck by an automobile." The Legislature was definite in separating the two classes of beneficiaries. *See Sotomayor v. Vasquez,* 109 *N.J.* 258, 266–68 (1988). We cannot read this language as being other than an intentional limitation of PIP coverage by the Legislature. Any change in this dichotomy must be legislative, not judicial.

The trial judge was bothered by the fact that the "named insured" was the corporate owner of the rental car. We see nothing anomalous or fraudulent about differentiating between corporate and individual ownership, since the choice is a conscious one made by the owner of the vehicle. There are both advantages and disadvantages to adopting the corporate form.

In any event, even if the owner had been an individual who had then leased the car to plaintiff, only the owner and members of his or her family would have received the broader PIP protection if one of them was operating the car. The issue here was not simply the difference between corporate and individual ownership; it was whether PIP protection is afforded to a lessee as well as the lessor of the vehicle. It is clear under statute and existing case law that such protection is not afforded. *See Giambri v. Government Employees Insurance Co.,* 170 *N.J.Super.* 140, 142–143 (Law Div.1979), aff'd o.b. 174 *N.J.Super.* 162 (App.Div.1980), and *cf. Sotomayor v. Vasquez, supra; Federal Ins. Co. v. Liberty Mutual Ins. Co.,* 190 *N.J.Super.* 605, 607–608 (App.Div.1983). The judgment entered against Travelers must therefore be reversed.

The ruling in favor of Allstate Insurance Company presents a different problem to us. The record on appeal contains references to a cross motion for summary judgment by Allstate Insurance Company, yet we have been provided by neither plaintiff nor Allstate with any papers showing that such a motion was actually made or what supporting papers were submitted to the trial court. Technically, we are constrained either to remand this matter to the trial judge to supplement the record or merely to dismiss the appeal. On appeal plaintiff admits he has not yet seen a copy of the Allstate policy, but he states he is certain that it would afford coverage to him either by the language of the policy or by operation of law, citing *N.J.S.A.* 39:6A–4, quoted earlier.

Allstate responds by arguing that plaintiff is eligible for PIP benefits neither under the language of the policy nor by operation of law, and has included a copy of the policy in its appendix. This is an unwarranted expansion of the record. Allstate also has submitted to us a copy of the New York statute under which the policy was issued, and has cited sub-

stantial New York authority that the New York equivalent of the New Jersey PIP benefits are not awardable to plaintiff either under the policy or New York law.

At the time this incident arose, the New Jersey statute did not require that out-of-state vehicles operated in New Jersey be covered by insurance that complies with *N.J.S.A.* 39:6A-4.[1] *Stewart v. Nationwide Ins. Co.,* 171 *N.J.Super.* 457, 461-463 (App.Div.1979), certif. den. 82 *N.J.* 302 (1980). *N.J.S.A.* 39:6A-3, defining the application of our PIP law, clearly states that "[e]very owner or registered owner of an automobile registered or principally garaged in this State shall maintain automobile liability insurance coverage...." The PIP coverage protection under *N.J.S.A.* 39:6A-4 is applicable to an "automobile liability insurance policy insuring an automobile as defined in this act...." While the automobile fits the definition of *N.J.S.A.* 39:6A-2, subd. a, as explained in *Stewart, supra,* the coverage of *N.J.S.A.* 39:6A-4 is supplemental to the insurance requirements specified in *N.J.S.A.* 39:6A-3.

While we recognize that plaintiff's appeal of the dismissal as to Allstate is not properly before us, we have briefly analyzed the claim for the parties' benefit to explain why we have not remanded to expand the record, but merely dismissed the cross-appeal. If plaintiff contends that the Allstate insurance policy or New York law are not as represented by Allstate, he may apply to the trial court within 30 days of the filing of this opinion to reopen that aspect of his case.

The judgment against defendant Travelers is reversed and plaintiff's claim is dismissed. Plaintiff's cross-appeal from the dismissal against defendant Allstate is dismissed.

---

[1] Note that any incident occurring after January 21, 1986 is subject to *N.J.S.A.* 17:28-1.4, which provides that any insurer authorized to do business in New Jersey shall *inter alia* include PIP coverage in a policy which is sold in another state for an automobile that will be operated in this State.