224 N.J. Super. 638 (1988)
541 A.2d 246
RICHARD ROSENBERG, ADMINISTRATOR OF THE ESTATE OF SCOTT ROSENBERG, PLAINTIFF-RESPONDENT,
v.
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1987.
Remanded October 22, 1987.
Resubmitted March 18, 1988.
Decided April 29, 1988.
*639 Before Judges HAVEY and STERN.
Gary S. McDonald argued the cause on behalf of appellant (Needell & Needell, attorneys; Russell L. Needell on the brief).
Harris Y. Cotton argued the cause on behalf of respondent (Harris Y. Cotton on the brief).
PER CURIAM.
Defendant appeals from a judgment entered in plaintiff's favor after a bench trial. The trial judge determined that "where a general garage policy for liability covering a closely-held corporation includes Option 5 under N.J.S.A. 39:6A-10, coverage is afforded to the corporation owner, his spouse and resident members of the household," Rosenberg v. Universal Underwriters, 217 N.J. Super. 249, 254 (Law Div. 1986), and that plaintiff's son, Scott, was a "resident" of his household at the time of Scott's death. In addition to urging affirmance on the basis of the Law Division opinion, plaintiff argued before us that he sought reformation of the policy to conform with *640 plaintiff's intent to secure coverage protecting members of his family and that the trial judge, in essence, reformed the policy by concluding that:
In November 1981, based on Rosenberg's intent to provide insurance protection for his family, R & S advised Universal that Marilyn and Kenneth were to be added as drivers and that P.I.P. `Option 5', under N.J.S.A. 39:6A-10 should be added to the policy. Universal acknowledged this coverage effective November 3, 1981 and renewed the policy as amended in May 1982. [217 N.J. Super. at 249, 251].
While the second count of plaintiff's amended complaint sought to "reform the policy ... to cover himself and all resident members of his household," we did not necessarily read the trial court's reference to "Rosenberg's intent to provide insurance protection for his family" as holding that there was coverage for all members of the family based upon "reformation" of the policy. In fact, the court's legal analysis resulting in coverage suggested to us that the court did not find reformation. We nevertheless thought it advisable for the trial judge to clarify or decide the issue of reformation because we felt that it might be determinative of the question of scope of coverage in this case. Accordingly, we remanded "for further proceedings at which time the trial court shall make further findings of fact and conclusions of law regarding the question of reformation based on the testimony it has already heard in this non-jury trial and on such additional evidence as the court deems appropriate."
On remand the trial judge made clear that he had not initially decided the reformation issue because "[a]fter finding that plaintiff had an adequate remedy at law, [the] Court did not think it necessary to consider plaintiff's equitable theories [citation omitted]." The judge nevertheless conducted a hearing on the issue of reformation and concluded that the policy should be reformed. In his letter opinion issued after the hearing on remand, the trial judge considered the evidence presented at the original trial and the additional testimony of Valentina Resto, a commercial underwriter for plaintiff's agent, *641 Rosenberg and Sinderbrand (R & S), Inc.[1] Ms. Resto indicated that when an Allstate policy issued to Varsity Auto, a corporation owned solely by plaintiff, had terminated or lapsed, the P.I.P. coverage for plaintiff Rosenberg and his family members was "added" to the policy issued by defendant.
In his letter opinion, the judge concluded:
Richard Rosenberg, the president and sole shareholder of Varsity Autos, Inc., testified that he requested insurance covering both his business and entire family. He was aware that both his wife and children would be driving the corporate vehicles and wanted them fully covered. This request was imparted to R. & S., his longtime insurance broker. At all times relevant to this case, R. & S. was acting as the agent for Rosenberg, not Universal. Rider v. Lynch, 42 N.J. 465 (1964). Plaintiff does not contend to the contrary.
In light of Rosenberg's request and the termination of Rosenberg's personal liability policy, Resto, the underwriter responsible for Rosenberg's account with R. & S., under her direction, had a letter sent to Universal which, in relevant part, indicated that Marilyn Rosenberg was to be covered under the policy and that `if PIP Opt. V is available under the policy we would like it added'.
Universal's reply, affixed to the bottom of Resto's letter, indicated that additional PIP had been added and was effective 11/3/81. Additional information was sought on Marilyn Rosenberg including whether she drove corporate vehicles and if she worked for the insured. The letter closed by indicating that when the aforementioned was received the units would be adjusted if applicable to Marilyn Rosenberg.
In response to the request, R. & S. sent a letter on 11/18/81 specifying that Marilyn Rosenberg did drive vehicles owned by the Corporation and that she was the wife of Richard Rosenberg. Universal had further notice of Marilyn's use and status through Universal's own audit report which indicated that Marilyn was using corporate vehicles while not being affiliated with the Corporation in any capacity other than as the wife of the president.
Based on the foregoing, Rosenberg could reasonably conclude that his wife and family could be and were insured under the policy issued by Universal. Similarly, Universal cannot now claim lack of knowledge of Marilyn Rosenberg's use of corporate vehicles or of her relationship, or lack thereof, to the Corporation.
Universal contends, notwithstanding Rosenberg's impression of the coverage given by his policy, that Universal does not issue private passenger coverage on *642 commercial vehicles and, therefore, no mutual mistake exists. This contention is without foundation under the facts of this case. This is because testimony to that effect was limited in the deposition, marked J2 in evidence, of Deborah Richard, Universal's insurance plan supervisor solely to coverage offered under basic PIP. In fact, Ms. Richard testified that Universal would, and in fact did, offer and accept an additional premium for additional PIP coverage for Rosenberg, his wife and family notwithstanding the fact that Marilyn was not an employee of the Corporation. In addition, Richard testified that Universal would have issued any coverage the insured requested including Option 5.
It is clear to this Court that both parties were under the perception that coverage existed for Rosenberg and his family under Option 5.... Rosenberg testified that had Universal indicated that his family was not covered and offered additional coverage, he would have purchased it. Universal neither informed Rosenberg that his family was not covered nor offered additional coverage as required by N.J.S.A. 39:6A-10. Therefore, reformation of the insurance policy to provide coverage for Scott Rosenberg is required.
We are satisfied that there is substantial evidence on the record as a whole, based particularly on plaintiff's testimony at trial and the remand hearing testimony of Valentina Resto, to support the fact-finding of the trial judge. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474 (1974). We are also satisfied, based on his fact-finding, that the trial judge properly determined that the policy be reformed to include coverage for "members of his family residing in his household." N.J.S.A. 39:6A-4. See Heake v. Atlantic Casualty Ins. Co., 15 N.J. 475, 481-484 (1954); Portella v. Sonnenberg, 74 N.J. Super. 354 (App.Div. 1962); Matland v. United Services Automobile Ass'n, 174 N.J. Super. 499, 509 (Law Div. 1980) ("in cases ... where the evidence showed an intention [to insure], the policy issued has been reformed to comply with the intention of the parties").
Aside from the question of reformation, defendant claims that even if the coverage was intended to include family members who were members of plaintiff's household, Scott was not a member of plaintiff's household at the time of the accident. However, there was substantial evidence to support the trial judge's finding that Scott was a resident of plaintiff's household at that time. See Rova Farms, supra, 65 N.J. at 484; see also, Annot., "Who is `Member' or `Resident' of Same *643 `Family' or `Household,' Within No-Fault or Uninsured Motorist Provisions of Motor Vehicle Insurance Policy," 96 A.L.R.3d 804 (1979 and 1987 supp.).
Accordingly, we find no need to pass upon the trial judge's initial holding that "where a general garage policy for liability covering a closely-held corporation includes Option 5 under N.J.S.A. 39:6A-10, coverage is afforded to the corporation owner, his spouse and resident members of the household," 217 N.J. Super. at 254, and we expressly decline to pass upon that issue. Nevertheless, we affirm substantially for the reasons expressed by the trial judge as a result of his fact-finding and conclusions based thereon, as embodied in his published opinion of August 29, 1986 as supplemented by his letter opinion of December 1, 1987.
NOTES
[1] Ms. Resto's deposition was taken immediately before she testified at the hearing. While defendant objects to her testimony in the absence of more time for preparation, he didn't seek an opportunity to continue the matter, referred to the deposition testimony of Debra Richards introduced at the trial, and indicated that he was "prepared" to argue the reformation issue.