[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff Jennifer Perchaluk has applied under General Statutes 52-410 for an order to compel arbitration of her claim against defendant Aetna Casualty Surety Company. Her claim is made under the uninsured motorist provisions of a business-auto policy issued by the defendant. The defendant contends the plaintiff has not alleged facts which demonstrate the claim is arbitrable and has moved to strike the application.
In order to compel arbitration under 52-410, one claiming uninsured motorist coverage must prove, among other things, that she is in the class of covered persons for whom the policy provides uninsured motorist coverage. Gaudet v. Safeco Ins. Co., 219 Conn. 391, 400 (1991). The defendant insurance company contends that the plaintiff has failed to allege facts which show that she is in the class of covered persons. The plaintiff, on the other hand, contends that the issues raised by the defendant relates to coverage, not arbitrability, and is therefore a question for the arbitrators to decide.
This court must first decide the threshold question of whether the issue raised by the motion to strike is arbitrable. "[A]rbitrability. . . is ordinarily a legal question for the courts. Arbitrability includes the issue of who is entitled to arbitrate a claim. Where an issue may fairly be characterized as either (1) an issue of arbitrability, i.e., a question for the courts to decide in the first instance, or (2) an issue of CT Page 1611 insurance coverage, i.e., a question for an arbitrator to decide in the first instance, legislative policy requires the court to elect the latter characterization and submit the issue to the arbitrator together with all other issues of insurance coverage." Gaudet v. Safeco Ins. Co., supra at 399. Whether the plaintiff has alleged sufficient facts to show she has enforcement rights under the insurance policy is a question of arbitrability.
The policy names as the insured "Robert G. Warner. DBA Robert Warner Company." The plaintiff alleges that her father is the President of the named insured and that at the time of her injury she resided with her father. When the plaintiff was injured, she was a passenger in a non-covered vehicle. The insurance policy provides that a family member of a named insured is insured under the uninsured motorist coverage provisions. See Endorsement CA 2X 17. In her brief, the plaintiff argues that she is covered as a family member because the policy was issued to a trade-name business. She states in her brief that her father owns the business. In effect, the plaintiff contends the trade-name is the alter ego of her father and that the court should therefore view the policy as having been issued to her father. See American Bankers Ins. Co. of Florida v. Stak, 208 N.J. Super. 75 (1984).
The plaintiff has failed to allege the factual claims made in her brief. The application for arbitration does not set forth that her father is the alter ego of the trade-name business nor does the application contain an allegation that the plaintiff is covered as a family member of the named insured. The plaintiff has failed to allege that she comes in the class of persons on whom the policy confers enforcement rights. Accordingly, she has failed to adequately allege a claim for arbitration.
Should the plaintiff amend her application by alleging her father owns the business or by alleging other facts relating to the alter ego theory, the issue may well become a mixed question of arbitrability and coverage. In such an event, the issue would be for the arbitrators to decide in the first instance.
The motion to strike is granted.
THIM, JUDGE