743 A.2d 332

GEORGIA VAMVAKIDIS AND TERRY VAMVAKIDIS, PLAIN-
TIFFS–APPELLANTS, v. ROSE PETERS AND HERMAN
PETERS, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 30, 1999—Decided January 13, 2000.

Before Judges PRESSLER, LANDAU and CIANCIA.

*Gary M. Price* argued the cause for appellants (*Buttafuoco, Karpf & Arce,* attorneys).

*John M. Breslin* argued the cause for respondents (*Breslin & McNerney,* attorneys).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

Plaintiff Georgia Vamvakidis, whose husband Terry Vamvakidis sues *per quod,* appeals from a summary judgment dismissing her automobile negligence, personal injury complaint against defendants Rose M. and Herman Peters, the driver and owner, respectively, of the car which struck hers. The trial court held that plaintiff was subject to the verbal threshold of *N.J.S.A.* 39:6A–8a and that she had failed to meet it. We reverse, concluding that the verbal threshold did not apply, leaving plaintiff free to sue for her non-economic losses. We do not, therefore, address the question of whether, on defendants' motion for summary judgment, plaintiff's verbal threshold showing was adequate to permit the action to proceed.

The relevant facts are not in dispute. The accident occurred on September 14, 1993. Plaintiff was driving a 1981 Mercedes Benz automobile owned by a corporation, E.T. Maintenance, when it was struck in the rear by the Peters automobile. E.T. Maintenance is a corporation wholly owned by plaintiff's daughter, Elisavet Vamvakidis, the stock having been gifted to her by her father Terry Vamvakidis in the fall of 1992. The corporation, whose business is construction contracting, operates out of the Vamvakidis home in Teaneck, where plaintiff, her husband, and their daughter, reside. Plaintiff is employed by the corporation as a bookkeeper, and her medical treatment was paid for pursuant to her workers' compensation claim against the corporation. The corporation owned several other vehicles in addition to the Mercedes Benz, all of which were insured under a business automobile liability policy issued to the corporation by Progressive Insurance Company. At the time of the accident, no member of the Vamvakidis household, *i.e.,* plaintiff, her husband or her daughter, owned an automobile. Consequently, there was no existing policy

of automobile insurance covering any of the family members either individually or as members of the household.[1] Finally, we note that the declaration page of the Progressive policy[2] provides that the policy limit for personal injury protection is the "verbal tort threshold." The policy also lists each of the three, plaintiff, her husband and her daughter, as drivers of the corporation's vehicles.

At the outset, we reject plaintiff's argument that the verbal threshold does not apply to her because the vehicle she was driving, by reason of its corporate ownership and her asserted business use thereof, was a commercial vehicle not subject to the personal injury protection (PIP) requirements of *N.J.S.A.* 39:6A–4 and therefore not subject to the verbal threshold-tort option of *N.J.S.A.* 39:6A–8. As we explained in *Wagner v. Transamerica Insurance Company*, 167 *N.J.Super.* 25, 400 *A.2d* 497 (App.Div.), *certif. denied*, 81 *N.J.* 60, 404 *A.2d* 1159 (1979), the definition of "private passenger automobile" as used by *N.J.S.A.* 39:6A–4 embraces vehicles of a private passenger type "owned and used in business pursuits," specifically excluding only those automobiles of a private passenger type that are "used as a public or livery conveyance for passengers" or are "rented to others with a driver...." *Id.* at 31, 400 *A.2d* 497 (citing *N.J.S.A.* 39:6A–2(a)).

---

[1] We note that according to this record there has been substantial confusion throughout this litigation respecting the existence of insurance. It appears that defendants for some time had been of the mistaken view that the Mercedes Benz was, on the date of the accident, namely, September 14, 1993, owned by plaintiff and insured through the Market Transition Facility by Warner Insurance Systems. That policy, however, was for the policy period of February 1992 to February 1993 and apparently was canceled prior to the termination date. In any event, according to the record, plaintiff had conveyed title to the Mercedes Benz as well as other vehicles owned by her to the corporation in February 1993, and they were thereafter insured under the Progressive policy. There was no other policy covering any Vamvakidis or corporation vehicle on the date of the accident.

[2] The actual policy provided to the court covers the period from October 15, 1994, to October 15, 1995, but we are advised by counsel that Progressive had issued prior policies covering the date of this accident whose terms were essentially the same as the 1994–1995 policy.

It is undisputed that the Mercedes Benz being driven by plaintiff when she was struck by Peters was of a private passenger automobile type and was not involved in any livery service. Hence it was covered by the PIP requirements of the statute despite its ownership by the corporation and its use in the corporate business.

■ We are, however, satisfied that the corporation's apparent election of the verbal threshold in the Progressive policy does not bind plaintiff. In so concluding, we rely on *N.J.S.A.* 39:6A–8 prior to its substantial amendment by *L.* 1998, *c.* 21, § 11. In its pre-amendment version, *N.J.S.A.* 39:6A–8 provided for two options dealing with right to sue for non-economic losses, the verbal threshold option of paragraph a, and the tort option of paragraph b, which affords an unqualified right to sue the tortfeasor. The introductory paragraph of *N.J.S.A.* 39:6A–8 requires an election between those options by "any named insured required to maintain personal injury protection coverage . . . ." The named insured of the Progressive policy here was E.T. Maintenance. Plaintiff is an employee of E.T. Maintenance but neither a stockholder nor director.

■ The question then before us is whether a corporate election of the verbal threshold binds its employees. We answer this question in the negative. Former *N.J.S.A.* 39:6A–8b not only afforded the tort option to the named insured who had so elected but also to any person eligible for PIP benefits under *N.J.S.A.* 39:6A–4 not required by that statute to maintain personal injury protection coverage and also not an immediate family member of a named insured as defined by *N.J.S.A.* 39:6A–8.1. Plaintiff met all of the conditions for applicability of the tort option. First, plaintiff was clearly eligible for PIP benefits under *N.J.S.A.* 39:6A–4 since she was, as therein provided, a person using the automobile of the named insured with the named insured's permission. Second, she was not required herself to maintain PIP coverage since she was not the owner of a private passenger automobile. Third, she was not an immediate family member of a named insured who

was either required to maintain PIP coverage or who had elected the verbal threshold option, *N.J.S.A.* 39:6A–8.1a defining "immediate family member" as "the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household. . . ." Obviously, a person can be neither the spouse nor the child of a corporation, and it was the corporation here that was the only named insured. Hence, plaintiff was not a family member of the named insured.

We have, indeed, long since construed the term "family member" in the broad context of *N.J.S.A.* 39:6A–4 as excluding the members of a family which owns a family-held corporation that is the named insured. Thus in *Giambri v. Government Employees Insurance Co.*, 170 *N.J.Super.* 140, 405 *A.*2d 872 (Law Div.1979), *aff'd o.b.*, 174 *N.J.Super.* 162, 415 *A.*2d 1202 (App.Div.1980), we affirmed the denial of PIP coverage to the plaintiff, whose parents had formed a family owned corporation. The corporation was the named insured under the policy covering the automobiles owned by the corporation. The corporation also employed the plaintiff. While the Law Division agreed that plaintiff would have been entitled to PIP benefits under *N.J.S.A.* 39:6A–4 as a permissive user of a corporate-owned automobile irrespective of family status, the accident had, however, occurred while he was riding an uninsured motorcycle. His entitlement to PIP benefits, therefore, depended on whether he was a family member of the named insured. In concluding that he was not, the Law Division held that "an automobile liability insurance policy issued to a family-held corporation as the named insured does not provide coverage to members of the family 'as members of the family of the named insured' under *N.J.S.A.* 39:6A–4." *Giambri, supra,* 170 *N.J.Super.* at 143, 405 *A.*2d 872. The Law Division also refused to pierce the corporate veil in the absence of any proof that that form of automobile ownership was not a matter of legitimate business and tax considerations, noting that "[t]he mere fact that the corporation was closely held by members of a family is not a sufficient reason standing alone to ignore the corporate form." *Id.* at 142, 405 *A.*2d 872. Compare *American Bankers Ins. Co. of Florida v.*

*Stack,* 208 *N.J.Super.* 75, 504 *A.*2d 1219 (Law Div.1984) (distinguishing *Giambri* on the ground that the policy before it had been issued to the named insured under the trade name of an unincorporated business and was, therefore, tantamount to a policy issued to the sole owner of the business and consequently provided coverage to his family members); *Rosenberg v. Universal Underwriters Ins. Co.,* 217 *N.J.Super.* 249, 525 *A.*2d 349 (Law Div.1986), *aff'd o.b.,* 224 *N.J.Super.* 638, 541 *A.*2d 246 (App.Div.), *certif. denied,* 113 *N.J.* 333, 550 *A.*2d 449 (1988) (distinguishing *Giambri* on the ground that the closely held corporation there had purchased additional coverage for the express purpose of protecting the family members of the corporation owner).

We have also construed the even more restrictive definition of "immediate family member" contained in *N.J.S.A.* 39:6A–8.1 to mean exactly what it says, refusing, in *Ibarra v. Vetrano,* 302 *N.J.Super.* 578, 695 *A.*2d 757 (App.Div.1997), to expand the definition to include not only spouses and children of the named insured, but also parents of the named insured. We thus held that a mother living with her daughter, the named insured, who was injured while a passenger in her daughter's car would be accorded the benefit of the tort option since she owned no vehicle of her own and was neither the spouse nor a child of the named insured—and this despite the daughter's having herself elected the verbal threshold option. In so holding, we expressly rejected the argument, made here as well, that "a person who collects PIP benefits under a policy should be bound by the verbal threshold contained in the policy." *Id.* at 582, 695 *A.*2d 757. We reasoned that

PIP benefits advance the legislative policy that all persons injured in automobile-related accidents should be quickly and effectively compensated for medical expenses and the other losses defined in *N.J.S.A.* 39:6A–4. The verbal threshold, however, is optional, and the Legislature has determined that an insured's election should bind only the insured's spouse and resident children. It was rational for the Legislature to presume that an insured has the authority to bind her spouse and children, but not others.

*[Ibid.]*

We think the same reasoning patently applies to a person, like plaintiff, who is eligible for PIP benefits but chooses her remedy in workers' compensation.

We are aware that there is something of an anomaly here. *N.J.S.A.* 39:6A–4 obviously requires a corporation owning a passenger vehicle, as defined thereby, to purchase PIP protection. There are obviously any number of classes of persons who would be entitled to the benefit thereof irrespective of family status, including, for example, employees, pedestrians, passengers, and all permissive users. *N.J.S.A.* 39:6A–8 requires every named insured covered by *N.J.S.A.* 39:6A–8 to make the verbal threshold/tort election. But that election binds only the named insured and members of the named insured's immediate family, *i.e.,* spouse and children. Since a corporation has no immediate family members and is itself hardly likely to sue for non-economic losses, there seems little point in requiring it to make the election and thereby, if electing the verbal threshold, to obtain insurance at lower cost. We regard this anomaly, however, as one the Legislature must address.

The summary judgment dismissing the complaint is reversed. We remand for trial without regard to any consideration involving the verbal threshold.