695 A.2d 757

FERMINA IBARRA, PLAINTIFF–APPELLANT, v. JASON J. VET-RANO, DEFENDANT–THIRD PARTY PLAINTIFF–RESPON-DENT, v. LOURDES M. IBARRA, THIRD PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted June 10, 1997—Decided June 30, 1997.

Before Judges D'ANNUNZIO, NEWMAN and VILLANUEVA.

*Joel I. Rachmiel,* attorney for appellant (*Mr. Rachmiel,* on the brief).

*Edward J. Gilhooly,* attorney for respondent Jason J. Vetrano (*Mr. Gilhooly,* on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Plaintiff in this automobile negligence action appeals, pursuant to leave granted, from an order determining that she is subject to the verbal threshold contained in her daughter's automobile insurance policy. We reverse.

Plaintiff, Fermina Ibarra, lived with her daughter, Lourdes Ibarra (Lourdes). Plaintiff was a passenger in Lourdes' automobile in July 1995 when it was struck in the rear by a vehicle operated by defendant, Jason Vetrano. Plaintiff owned no vehicle and had no automobile insurance policy of her own. Sentry Insurance insured Lourdes' vehicle, and she was the named insured. Plaintiff was entitled to personal injury protection (PIP) benefits under *N.J.S.A.* 39:6A–4 because she sustained an injury "arising out of ownership, operation, maintenance or use of an automobile." *Ibid.* Because plaintiff had no automobile insurance

policy of her own, Lourdes' carrier, Sentry, paid PIP benefits to plaintiff.

Pursuant to *N.J.S.A.* 39:6A–8.1 (section 8.1), Lourdes had elected the "verbal threshold" contained in *N.J.S.A.* 39:6A–8a (section 8a). A person subject to the verbal threshold may not sue for noneconomic loss unless her personal injuries fit within at least one of nine categories of injury defined in section 8a. An insured party not subject to the verbal threshold may sue for noneconomic loss even if the injury does not fit within one of the defined categories. *N.J.S.A.* 39:6A–8b (section 8b).

Plaintiff moved for a determination that she was not subject to the verbal threshold contained in section 8a with regard to her personal injury action against Vetrano. Section 8b, the no threshold section, provides in part:

> The tort option provisions of subsection b. of this section shall also apply to the right to recover for noneconomic loss of any person eligible for benefits pursuant to section 4 of P.L.1972, c. 70 (C. 39:6A–4) but who is not required to maintain personal injury protection coverage and is not an immediate family member, as defined in section 14.1 of P.L.1983, c. 362 (C. 39:6A–8.1), under an automobile insurance policy.

As previously indicated, plaintiff was eligible for PIP benefits under Lourdes' policy. Because plaintiff did not own an automobile, she was "not required to maintain personal injury protection coverage." Section 8b; *N.J.S.A.* 39:6A–4. The issue, therefore, was whether plaintiff was "an immediate family member ... under an automobile insurance policy." A related issue was whether Lourdes' election of the verbal threshold contained in Sentry's policy barred plaintiff.

Section 8.1a resolves both issues. It provides:

> The tort option elected shall apply to the named insured and any immediate family member residing in the named insured's household. "Immediate family member" means the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not a named insured under another automobile insurance policy.

The trial court determined that because plaintiff was injured while occupying an automobile and, therefore, had a right to receive PIP benefits, she was bound by Lourdes' election of the

verbal threshold. In so ruling, the court relied on *Beaugard v. Johnson*, 281 *N.J.Super.* 162, 656 *A.*2d 1282 (App.Div.1995).

The court misread *Beaugard.* That case involved a plaintiff who had been injured while a passenger on a school bus. The issue was whether she was bound by the verbal threshold in her father's automobile insurance policy. We noted that the verbal threshold applies to a plaintiff if the plaintiff is "(a) 'subject to' the verbal threshold statute and (b)(i) is required to maintain PIP coverage, or (ii) has a right to receive PIP benefits under *N.J.S.A.* 39:6A–4." *Id.* at 168, 656 *A.*2d 1282. We determined that Beaugard did not qualify under (b)(i) or (ii) because she was not required to maintain PIP coverage as she did not own an automobile, and she was not entitled to PIP benefits because she was injured while a passenger in a commercial vehicle. *Id.* at 169–71, 656 *A.*2d 1282.

██ The issue in the present case involves the element we described in *Beaugard* as "(a)," whether plaintiff is subject to the statute. Plaintiff was not a named insured under any automobile insurance policy. The only policy which could have bound plaintiff to the verbal threshold was Lourdes' policy, and then only if she was an immediate family member of Lourdes, the named insured. Section 8.1's definition of "immediate family member" is unambiguous, and plaintiff did not qualify. She was not Lourdes' spouse and she is not one of Lourdes' children. *See Renz v. Penn Cent. Corp.*, 87 *N.J.* 437, 440, 435 *A.*2d 540 (1981) (stating that "we must first look at the evident wording of the statute to ascertain its plain meaning and intent."); *In re Jamesburg High Sch. Closing*, 83 *N.J.* 540, 548, 416 *A.*2d 896 (1980) ("Our duty is to construe and apply the statute as enacted. We are not at liberty to presume the legislature intended something other than what it expressed by its plain language.").

Defendant Vetrano relies on a number of recent decisions involving the verbal threshold. They all involved different issues and different facts and, therefore, are distinguishable. *See e.g., Koff v. Carrubba*, 290 *N.J.Super.* 544, 545, 676 *A.*2d 184 (App.Div.)

(holding that motorcyclist bound by verbal threshold contained in his automobile policy, though he was not entitled to PIP benefits), *certif. denied,* 146 *N.J.* 498, 683 *A.2d* 201 (1996); *Sumner v. Unsatisfied Claim and Judgment Fund,* 288 *N.J.Super.* 384, 387, 672 *A.2d* 731 (App.Div.1996) (holding that uninsured person may not recover noneconomic damages from Fund unless she satisfied verbal threshold as required in Fund statute, *N.J.S.A.* 39:6–70(n)); *Harbold v. Olin,* 287 *N.J.Super.* 35, 39, 670 *A.2d* 117 (App.Div. 1996) (holding that bicyclist, a minor living with his mother, was subject to the verbal threshold contained in his mother's policy). None held that a named insured's mother living in the insured's household is an "immediate family member" within the meaning of the applicable statutes.

Defendant also suggests that a person who collects PIP benefits under a policy should be bound by the verbal threshold contained in the policy. Not so. PIP benefits advance the legislative policy that all persons injured in automobile-related accidents should be quickly and effectively compensated for medical expenses and the other losses defined in *N.J.S.A.* 39:6A–4. The verbal threshold, however, is optional, and the Legislature has determined that an insured's election should bind only the insured's spouse and resident children. It was rational for the Legislature to presume that an insured has the authority to bind her spouse and children, but not others.

Reversed and remanded for further proceedings.