706 A.2d 780

TANNENBAUM & MILASK, INC., PLAINTIFF–APPELLANT, v. LARRY MAZZOLA AND JOSEPH FANELLI, DEFENDANTS–RESPONDENTS, AND FRANCIS GLENNING AND ANN GLENNING, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued October 22, 1997—Decided March 5, 1998.

Before Judges SHEBELL, A.A. RODRIGUEZ and COBURN.

*Robin London–Zeitz,* argued the cause for appellant (*Robert T. Cohen,* attorney).

*George J. Botcheos,* argued the cause for respondents.

The opinion of the court was delivered by

RODRIGUEZ, A.A., J.A.D.

The issue presented in this appeal is whether an individual who owns an interest in real property or shares in a closely-held corporation may be held personally responsible for commissions on a listing agreement signed by him although all owners of the property or all shareholders of the corporation do not join in signing the listing agreement. We hold that such an individual may be held responsible for commissions.

Plaintiff Tannenbaum & Milask, Inc., a real estate brokerage firm, appeals from a summary judgment which dismissed its suit for commissions due against Larry Mazzola and Joseph Fanelli. Plaintiff's complaint alleged that Mazzola and Fanelli failed to remit the commission due plaintiff under an exclusive listing agreement for the sale of a restaurant/lounge known as the Sailfish Cafe and the real property on which it is located. The Sailfish Cafe was owned by Sailfish Management, Inc. (SMI), a corporation in which Mazzola and Fanelli are the sole stockholders. Mazzola is the president of SMI and Fanelli is the secretary. The real property was owned by Mazzola and Fanelli as tenants in common with Mazzola owning a 60% interest and Fanelli a 40% interest.[1]

Mazzola and Fanelli moved for summary judgment. Plaintiff filed a brief in opposition and cross-moved for leave to amend the complaint to add SMI as a defendant. The judge granted the motion for summary judgment and dismissed the complaint. We affirm that portion of the judgment which dismissed the claim for commission against Fanelli. We reverse that portion of the judgment which dismissed the claim for commissions against Mazzola. Plaintiff's motion to join SMI as a defendant, which was rendered moot by the summary judgment, should be granted.

It is undisputed that on May 28, 1994, Mazzola signed a listing agreement for the sale of the business and property. It provides for an exclusive listing for sale for a twelve-month period at a 10% commission. The listing was signed by Mazzola twice: on behalf of SMI and on his own behalf. Mazzola's signature was witnessed by Carmen Giletto, an employee of plaintiff. It is uncontroverted that Fanelli did not sign the agreement. The business and

---

[1] Plaintiff also sued Francis Glenning and Ann Glenning, the buyers of the business and property, alleging interference with prospective economic advantage. The Glennings have filed for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code. Plaintiff filed a proof of claim against them in the sum of $82,000. The Glennings are not participating in this appeal.

property were sold to the Glennings for about $830,000 on May 18, 1995.

There is a sharp dispute regarding Mazzola's intent in signing the listing agreement. Plaintiff alleges that Mazzola represented that he had authority to bind Fanelli and SMI and signed the agreement unconditionally. Thus, plaintiff argues that upon signing, Mazzola bound himself, Fanelli and SMI to an exclusive listing for the sale of the business and property. Because the sale of these assets to the Glennings occurred within the exclusive listing period, plaintiff asserts that it is entitled to the agreed commission.

Mazzola maintains that prior to signing the listing agreement, he advised Giletto that he would not agree to sell the business or the property unless: (1) a commission amount was specified in the event that the property was sold to Joseph Sutor, and (2) Fanelli joined in signing the listing agreement. According to Mazzola,

Giletto told me to sign the listing agreements and once we agreed on a specific dollar amount, Mr. Fanelli was to sign the agreements and I was to mail them back to Carmen Giletto. In fact, I still have the original envelope that Giletto gave me since we never mailed signed agreements back to [plaintiff]. Carmen Giletto knew that until we agreed on a specific commission amount in the event Sutor purchased the property and until Joseph Fanelli signed the listing agreement, there was no authorization for [plaintiff] to act as the listing agent.

Mazzola further asserts that the same day he signed the listing agreement, he also sent a letter to Giletto advising him that he and Fanelli would not be returning the listing because Giletto refused to change the language in the event the property was purchased by Sutor. Plaintiff denies receipt of such a letter.[2]

---

[2] The letter reads:

Dear Carmen

As per our phone conversation the other day, inquiring about the signed agreement

We wish to inform you that we will not be sending it, since you refused to change the language & specify a fee on the matter of "The Sutors, should they buy the Sailfish."

We have decided not to use you, nor the agency, to represent us on the sale of the sailfish cafe.

In a cursory oral opinion, the judge granted the motion for summary judgment. The judge did not address plaintiff's motion for leave to join SMI, the corporate owner of the business, as a defendant.

On appeal, plaintiff contends that the judge erred because: (1) under principles of Agency and the Statute of Frauds it is entitled to summary judgment; (2) the listing agreement satisfies the Statute of Frauds because Mazzola signed it as an agent of Fanelli, thereby binding both parties to the agreement; (3) Mazzola had apparent authority to sign the listing agreement on behalf of SMI, and (4) Mazzola and Fanelli cannot present evidence of an oral agreement contemporaneous with the listing agreement because such evidence violates the Parole Evidence Rule.

At the outset we note that the decision under review is the judge's grant of a motion for summary judgment. Our standard of review is established by *Brill v. Guardian Life Ins. Co. of America,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995). Briefly stated that standard is, whether viewing all competent evidential material presented, in the light most favorable to the non-moving party, the evidence is so one-sided that a reasonable factfinder must resolve a disputed issue in favor of the movant. *Ibid.*

Here, the central disputed issue is whether in fact there is a binding listing agreement at all. The judge's determination that the listing agreement is "not effective" because Fanelli did not sign it, implicitly rejects plaintiff's factual assertion that Mazzola signed as an agent. It is obvious that whether Mazzola signed the listing agreement unconditionally and on behalf of SMI, as plaintiff asserts, or subject to a modification in language and Fanelli's concurrence, as defendants contend, is a factual dispute which can only be resolved by assessing credibility and weighing the proofs. However, credibility determinations are to be made by a factfinder after a hearing and not by a judge on a summary motion record.

Sincerely,
    (signed) Larry C. Mazzola

*Ibid.* Therefore, the summary judgment must be reversed and remanded. On remand, if the factfinder determines that no binding agreement was reached because there were conditions precedent which did not occur, then no liability can be imposed against any defendant and the suit must be dismissed.

We are satisfied, however, that Fanelli is entitled to a dismissal of all claims against him because plaintiff has failed to present any evidence from which a reasonable factfinder could conclude that he authorized Mazzola to act for him.

The actions of an agent bind a principal as against third persons when the agent is vested with apparent authority which the principal knowingly permits the agent to assume, or which the principal holds the agent out to the public as possessing. *See U.S. Plywood Corp. v. Neidlinger*, 41 *N.J.* 66, 74, 194 *A.*2d 730 (1963). *See also, Reynolds Offset Co. v. Summer*, 58 *N.J.Super.* 542, 557–8, 156 *A.*2d 737 (App.Div.1959). When the party relying upon such apparent authority presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury. *Ibid.*

Here, plaintiff did not present any evidence that Fanelli did or said anything which cloaked Mazzola with apparent authority to act for him. Giletto certified in answer to interrogatory # 34 that the following were the only facts upon which plaintiff intended to rely to support the allegation that Mazzola was Fanelli's agent:

> Day before he signed, Joseph Fanelli [sic] was introduced to me. It was agreed that Larry Mazzola had all the authority to sign said agreement—that is why he signed twice and by signing the listing agreement, pursuant to its terms he represented he had the authority to sign the listing agreement.

In interrogatory # 17, plaintiff was asked to list "all statements you intend to use at trial.... Regarding said statements, state the name of the individual who made said statement, the date and place of said statement and the names and addresses of persons present when the statement was made." Giletto certified on behalf of plaintiff that:

Larry Mazzola in the presence of Carmen & Jeanette Giletto and it is believed Defendant Mazzola also admitted listing the business with Tannenbaum & Milask to a sales agent no longer employed by Tannenbaum & Milask who's name is Lou De Fazio.

No depositions of Giletto, or any other witness were taken in this case. There is no other proof presented to the motion judge regarding Mazzola's purported authority to bind Fanelli.

Viewed in the light most favorable to plaintiff, the proofs do not evidence an authorization by Fanelli to Mazzola to be his agent. Rather, the assertion depends upon Giletto's interpretation of Mazzola's conduct. There is no evidence that Fanelli made a representation to anyone. The answer to interrogatory # 17 makes it clear that only Mazzola made a statement regarding the agreement. At best, plaintiff has shown that Mazzola represented to Giletto that he had authority to sell on Fanelli's behalf. This is not enough because the statement of the agent cannot bind the principal. Rather, only the principal, can vest an agent with authority. If Mazzola did not sign as Fanelli's agent, then plaintiff is barred by the statute of frauds from recovering a commission from Fanelli for the sale of the real estate. *See R.A. Intile Realty Co. v. Raho*, 259 *N.J.Super.* 438, 454, 614 *A.*2d 167 (Law Div.1992). Strict compliance with the requirements of the statute is essential for the broker to recover a commission on the sale of real property. *Ibid.*

However, with respect to SMI the evidence is not one-sided; Mazzola could be the corporation's agent. As *C.B. Snyder Realty Co. v. Nat'l Newark, etc., Banking Co.*, 14 *N.J.* 146, 154, 101 *A.*2d 544 (1953) indicates:

It is settled that a corporation is bound by the act of an officer or agent to the extent the power to do that act has been conferred upon him: (1) expressly (a) by the corporate charter, (b) by the by-laws of the corporation, or (c) by the corporate action of the stockholders or board of directors; (2) by implication (a) from powers expressly conferred or (b) incidental thereto; or (3) where the act is within the apparent powers which the corporation has caused those with whom its officers or agents have dealt to believe it has conferred upon them.

Here, it is undisputed that Mazzola was one of two shareholders, a director and the President of SMI. There are allegations that he

made certain representations as to his authority. Moreover, he signed the listing agreement on behalf of SMI. These allegations must be explored by a factfinder, to determine whether Mazzola had the authority to bind the corporate principal SMI. In determining whether a third party has relied on an agent's apparent authority to act for a principal so as to vicariously bind the principal, a motion judge must evaluate the totality of the circumstances giving rise to a claim of apparent authority and must deny summary judgment where the facts demonstrate that a *prima facie* case of apparent authority has been asserted. *Mann, et al. v. Interstate Fire and Casualty Co., et al.*, 307 *N.J.Super.* 587, 705 *A.*2d 360 (App.Div.1998).

■ Lastly, we address the issue of whether Mazzola can be liable for commissions for the sale of the real property. We conclude that if plaintiff can establish the existence of a binding contract, Mazzola may be liable for the commissions. In *Kislak Co., Inc. v. Byham*, 229 *N.J.Super.* 163, 550 *A.*2d 1291 (App.Div. 1988), we held that, "a corporate officer may be held personally responsible for a real estate commission on a listing agreement signed by him personally, even if the property is owned by the corporation." *Id.* at 167–68, 550 *A.*2d 1291. The rationale for this holding is that the person signing the agreement has a personal interest in the sale. *Id.* at 168, 550 *A.*2d 1291. *A fortiori*, an individual such as Mazzola who personally owns a 60% interest in real property may be responsible for a commission although a co-owner of the property does not join in signing the listing agreement. *Ibid.*

Accordingly, those portions of the judgment dismissing all claims against Fanelli are affirmed, the remaining portions of the judgment are reversed. The matter is remanded to the Law Division, Camden County. On remand, the factfinder must first determine if Mazzola and plaintiff reached an agreement. In other words, did Mazzola sign the agreement subject to certain conditions which did not occur or did he sign it unconditionally. If the signing of the agreement was unconditional, the factfinder

must then determine if Mazzola was authorized to bind SMI to an exclusive listing agreement for the sale of the business; and if Mazzola should be personally liable on the commission for the sale of the real property and business. Plaintiff's motion to join SMI as a defendant, which was rendered moot by the summary judgment, should be granted.

Affirmed in part, reversed in part and remanded.