868 A.2d 372 (2005)
375 N.J. Super. 478
Richard P. BADUINI and Gladys Baduini, his wife, Plaintiffs-Appellants,
v.
Stephina SERINA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 2004.
Decided March 10, 2005.
*373 Mark T. McMenamy, New York, NY, argued the cause for appellants (Bressler, Amery & Ross, attorneys; Mr. McMenamy, on the brief).
Joseph J. Garvey, Toms River, argued the cause for respondent (Garvey, Ballou & VanDyke, attorneys; Robin J. Gottilla, on the brief).
Before Judges STERN, WECKER and GRAVES.
The opinion of the court was delivered by
STERN, P.J.A.D.
Plaintiffs appeal from an order of February 5, 2004, granting defendant's motion for summary judgment, denying plaintiffs' motion to strike the affirmative defenses, and dismissing the complaint under the "deemer" statute, N.J.S.A. 17:28-1.4, for failure to satisfy the verbal threshold. The judgment was based, in part, on Judge Edward Oles' letter opinion of October 1, 2003, as orally amended on November 21, 2003, which held that plaintiff Richard Baduini[1] was subject to the verbal threshold for injuries he suffered as a result of an accident which occurred in New Jersey on September 6, 2001, while driving his 1995 GMC Jimmy which was insured under a Pennsylvania automobile insurance policy. Judge Oles held that the case is subject to the "deemer" statute, and that, therefore, plaintiff had to satisfy the verbal threshold, which he admittedly did not do. The judge subsequently ruled that "gross negligence" did not excuse application of the statute.

I.
Plaintiff is a New Jersey resident who owns two vehicles. Both are registered in New Jersey and have New Jersey license plates. The 1998 Honda Accord was principally garaged in this state and insured in New Jersey under a United States Automobile Association (USAA) insurance policy in which he elected what he calls the "no tort threshold." The 1995 GMC Jimmy was also registered in New Jersey, but principally garaged at the plaintiff's vacation home in Pennsylvania and insured under a USAA policy issued in Pennsylvania with a "full tort option," the equivalent to the New Jersey "no tort threshold."[2] The Pennsylvania policy listed plaintiff's address as Point Pleasant, New Jersey, but noted that the vehicle was "principally *374 garaged" at his Pennsylvania address. According to plaintiff, "USAA issued two insurance identification cards to me for my 1995 GMC Jimmy. One card was for Pennsylvania and the other for New Jersey." The "Pennsylvania Financial Responsibility Identification Card" in the record noted Point Pleasant, New Jersey, as plaintiff's address. There is no suggestion of fraud.[3] However, the Pennsylvania policy did not provide for the minimum personal injury protection (PIP) benefits, as required by N.J.S.A. 39:6A-4; see also N.J.S.A. 39:6A-10. To the contrary, the total "medical expense" covered by the Pennsylvania policy benefit was only $10,000.
Plaintiff argues that he need not satisfy the verbal threshold, N.J.S.A. 39:6A-8(a), because he is not subject to the deemer statute, N.J.S.A. 17:28-1.4, as a result of his personal injury protection (PIP) coverage and "no tort threshold" election made under the New Jersey policy issued on the Honda. New Jersey residents have two policy options, a verbal or "limitation on lawsuit" threshold, that bars a plaintiff's suit for non-economic damages if his or her injuries do not satisfy one of the categories set forth in N.J.S.A. 39:6A-8(a), or the so-called "zero" or "no limitation on lawsuit" threshold under which an injured plaintiff can sue for non-economic damages without limitation. N.J.S.A. 39:6A-8(b). The deemer statute extends PIP benefits for accidents occurring in New Jersey to persons injured while riding in out-of-state vehicles insured by carriers who are authorized to write motor vehicle coverage in New Jersey. N.J.S.A. 17:28-1.4.[4] This coverage is provided in exchange for requiring an injured plaintiff to satisfy the verbal threshold before seeking non-economic damages. "If defendant's insurer is authorized to transact or transacts insurance business in New Jersey, by operation of N.J.S. 17:28-1.4, defendant is `deemed' to be covered by N.J.S. 39:6A-4 [providing PIP benefits] and thus may benefit from the exemption requiring plaintiff to meet the verbal threshold." Craig & Pomeroy, New Jersey Auto Insurance Law (Gann 2005) § 15:3-3(b).
In Whitaker v. DeVilla, 147 N.J. 341, 344, 687 A.2d 738 (1997), the Supreme *375 Court held that N.J.S.A. 17:28-1.4 "deems New Jersey's `verbal threshold' ... to apply to the policies of out-of-state residents using their automobiles in New Jersey if their insurers are authorized to do business in New Jersey." The Court further held that such vehicle owners, if insured by an insurance company authorized to do business in New Jersey, were subject to the verbal threshold regardless of their choice of coverage and that the statute does not violate the equal protection clause. The Court quoted from the Third Circuit:
There is also a clear rational basis to support the Legislature's determination that out-of-state residents who operate autos in New Jersey should be precluded from recovering for non-economic loss unless the verbal threshold is satisfied. Inherent in the no-fault system is a statutory right to recover damages without the need to satisfy a threshold. The cost of such recovery must be paid out of the auto insurance system. Appellants, and those who would fall into their category, are not New Jersey insured. As such, they are not in a position to finance the cost of non-threshold coverage. Given this situation and the Legislature's desire to reduce or contain the cost of auto insurance, the legislative judgment was rationally consistent with the purpose of the statute. Furthermore, if the broadest coverage (no threshold) was provided to persons who did not pay for it, then the added cost to the insurer would have to be borne by others, namely consumers who purchase auto insurance. The Legislature reasonably concluded that such a situation would not foster reduced auto insurance premiums.
[Whitaker, supra, 147 N.J. at 355, 687 A.2d 738 (quoting Dyszel v. Marks, 6 F.3d 116, 127 (3d Cir.1993)).]
After Whitaker was decided, the Legislature added a provision to the deemer statute which also requires
[a]ny insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State ... [to] include in each [out-of-state] policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4 or N.J.S.A. 17:28-1.3] for any New Jersey resident who is not required to maintain personal injury protection coverage pursuant to [N.J.S.A. 39:6A-4] and who is not otherwise eligible for such benefits, whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
This requirement is in addition to the requirement at the time Whitaker was decided, to the effect that,
[a]ny insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State ... shall include [in each out-of-state policy] at least the liability insurance requirements of [N.J.S.A. 39:6B-1 or N.J.S.A. 39:6A-3], the uninsured motorist insurance requirements of [N.J.S.A. 17:28-1.1] and personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4 or N.J.S.A. 17:28-1.3] whenever the automobile or motor vehicle insured under the policy is used or operated in this State.[5]
[N.J.S.A. 17:28-1.4.]
*376 Unlike Whitaker, plaintiff in this case is a New Jersey resident who insures a vehicle in this state and another vehicle out-of-state and pays for what he calls the "zero or no tort option" on both policies. The question is whether the deemer statute still applies. In Whitaker, the plaintiff chose the "full tort" option under his Pennsylvania policy, but the Supreme Court nevertheless held that:
We are convinced that the Legislature expressly intended that the deemer statute, as amended, would impose the verbal threshold on all out-of-state insureds that sustain automobile accident injuries in New Jersey and whose policies were issued by insurers authorized to transact business in New Jersey.
[Whitaker, supra, 147 N.J. at 356, 687 A.2d 738.]
As Justice Stein further noted:
Because non-resident insureds do not contribute to the costs incurred by New Jersey insurers in defending full tort option claims, the Legislature obviously recognized that allowing non-residents the benefit of the full tort option for damages incurred in New Jersey accidents inevitably would increase the liability exposure of New Jersey insurers and generate pressure for increased premiums. See Dyszel, supra, 6 F.3d at 127. The deemer statute is a pragmatic legislative response to that concern.
[Id. at 357, 687 A.2d 738.]
We are satisfied that the statute is applicable when plaintiff is a New Jersey resident who owns and registers a vehicle in this state, but obtains coverage for another vehicle out-of-state, at a vacation home or for any other reason, from a carrier writing automobile insurance in New Jersey. The 1998 post-Whitaker amendments to the statute do not affect the holding of Whitaker in these circumstances. There is no question that a New Jersey resident who is injured while riding in a vehicle insured by a carrier who writes automobile insurance in this state would get PIP protection for an accident occurring here. Plaintiff pays premiums on the Honda vehicle registered and insured in New Jersey, and we recognize that policy would provide PIP protection to plaintiff, at least if he had no other policy with such protection. See N.J.S.A. 39:6A-4.2; Craig & Pomeroy, supra, § 12:2. See also Craig & Pomeroy, supra, §§ 6:3-4 (regarding insuring cars registered in New Jersey). However, plaintiff's Pennsylvania premiums are not used to provide PIP benefits under the policy for the GMC Jimmy.[6] As noted in defendant's brief:
The fact that plaintiff also had a New Jersey-insured Honda that his wife principally drove does not negate the facts that he was operating a Pennsylvania-insured vehicle when the accident occurred and that he was not contributing to the costs of New Jersey insurers since the insurance premiums for the Jimmy were paid for a Pennsylvania policy.
Under the position advanced by plaintiff, New Jersey residents would be free to insure their vehicle in other states where they happen to have a second *377 residence, pay lower premiums to the other state's insurance company, thus not contributing to New Jersey insurers' expenses, and then claim the right to the zero threshold while operating the vehicle in their home state of New Jersey.
Stated differently, because USAA would have been required to pay PIP benefits under the Pennsylvania policy for an accident occurring here, the rationale of Whitaker applies, so that plaintiff must satisfy the verbal threshold to bring his action here. Irrespective of whether plaintiff was entitled to PIP benefits under his New Jersey policy, we find no support for the view that the deemer statute does not apply to New Jersey residents who purchase less protection and cheaper policies for a second vehicle garaged and insured out-of-state merely because they have a policy issued in New Jersey for a car registered and garaged here.
We also agree with Judge Oles that there was insufficient proof of "gross negligence" to avoid the application of the verbal threshold. See N.J.S.A. 39:6A-8.1(e)(last sentence). As it was agreed that plaintiff did not satisfy that threshold, the judgment is affirmed.
Affirmed.
NOTES
[1] We refer to Richard Baduini as plaintiff.
[2] New Jersey law provides for a "limitation on lawsuit option," N.J.S.A. 39:6A-8(a), and a "no limitation on lawsuit option," N.J.S.A. 39:6A-8(b).
[3] Neither party asserts that an automobile registered in New Jersey must be insured here. Accordingly, we do not address that question. But see N.J.S.A. 39:6A-3; Craig & Pomeroy, New Jersey Auto Insurance Law (Gann 2005) § 6:3-4. See also N.J.S.A. 39:6A-4,  4.5; N.J.S.A. 39:6B-1, -2; Chalef v. Ryerson, 277 N.J.Super. 22, 648 A.2d 1139 (App.Div.1994); Fellippello v. Allstate Ins. Co., 172 N.J.Super. 249, 256, 411 A.2d 1137 (App.Div.1979).
[4] The statute provides that "[a]ny liability policy subject to this section shall be construed as providing the coverage required herein, and any named insured, or any immediate family member as defined in [N.J.S.A. 39:6A-8.1] under that policy, shall be subject to the tort option specified in subsection a. of [N.J.S.A. 39:6A-8]." The statute was amended by L.1997, c. 436 and L.1998, c. 21, the latter as part of the new Automobile Insurance Cost Reduction Act, to use its terminology and make clear that the minimum requirements of the "standard" policy apply. We do not believe that the amendments to the statute enacted since Whitaker v. DeVilla, 147 N.J. 341, 687 A.2d 738 (1997), was decided affect our disposition with respect to a New Jersey resident injured in New Jersey who is entitled to protection under a policy issued by a carrier authorized to write automobile insurance in New Jersey. See Craig and Pomeroy, New Jersey Auto Insurance Law, §§ 1.2-11, 3.1, 3.2; see also Gov't Employees Ins. Co. v. Allstate Ins. Co., 358 N.J.Super. 555, 570-72, 818 A.2d 474 (App.Div.2003). We can find no legislative history or basis for concluding the Legislature endeavored to limit the coverage provided in the "deemer" statute, as upheld by Whitaker, at least with respect to New Jersey residents who are protected under policies written out-of-state by carriers who write automobile insurance in New Jersey.
[5] Given the undisputed fact that USAA wrote both policies, we omit language dealing with affiliated or related carriers or the impact of an amendment to the pre-existing language concerning carriers related to insurers who do not write automobile insurance in New Jersey.
[6] It is without dispute that the same carrier issued both policies and that it was therefore within the contemplation of the carrier that the GMC would be driven in New Jersey. Plaintiff certified that:

USAA told me that it could issue a Pennsylvania automobile insurance policy on my GMC Jimmy because my wife and I owned a home in Pennsylvania. I was never told by USAA that there would be a restriction on my right to file a lawsuit if I were injured while driving my GMC Jimmy in New Jersey.
We leave to plaintiff any remedy he might have against USAA.