874 A.2d 530

THOMAS MURAWSKI, PLAINTIFF–APPELLANT, v.
CNA INSURANCE COMPANY, DEFENDANT–
RESPONDENT.

Argued October 27, 2004—Decided June 6, 2005.

*Robert G. Goodman,* argued the cause for appellant (*Palmisano & Goodman,* attorneys; *John T. Brost,* on the briefs).

*Jerald J. Howarth,* argued the cause for respondent CNA Insurance Company (*Hahn & Howarth,* attorneys).

*Gerald H. Baker,* argued the cause for *amicus curiae,* Association of Trial Lawyers of America–New Jersey (*Baker, Garber, Duffy & Pedersen,* attorneys).

PER CURIAM.

This appeal is the companion to *Pinto v. New Jersey Manufacturers Insurance Company,* 183 *N.J.* 405, 874 *A.*2d 520 (2005), also decided today. Like *Pinto,* this case involves the application of an uninsured motorist (UIM) step-down clause in an employer's business automobile policy in respect of an employee who has been injured in a covered vehicle in a work-related accident. For the reasons expressed in our decision in *Pinto, supra,* we affirm the enforceability in general of step-down provisions in respect of UIM coverage, provided the insurance contract language is clear. Because the CNA Insurance Company business auto policy involved herein defined "insured" and limited UIM coverage using the same language as that in the NJM policy at issue in *Pinto, supra,* its meaning is clear and enforceable. The only question remaining is its applicability on the facts of this appeal.

Plaintiff Thomas Murawski sustained serious personal injuries on March 14, 2000, when the truck in which he was riding was struck by a vehicle driven by Rufus Howard. The accident took place during the course of Murawski's employment for Belafsky Roofing and Sheet Metal Company (Belafsky), in a truck owned by Belafsky. Murawski settled the claim with Howard for the $50,000 liability limit of Howard's personal automobile insurance policy and then sought UIM coverage under Belafsky's CNA policy.

The Declarations Sheet of the CNA policy provided UIM coverage of one million dollars for a premium of $1,676. Murawski was

not listed as a "named insured" on the policy nor was he otherwise identified anywhere in the policy as a driver or user of Belafsky's insured vehicles. The named insureds on the CNA policy were two corporate entities: Belafsky Roofing & Sheet Metal Co. Inc. and SBMJ Inc. The only natural persons listed were Jody and Mitchell Ruthberg, who were the principals of Belafsky, and their respective spouses. Those individuals were identified specifically as insureds pursuant to the terms of the "Broadened Personal Injury Protection (PIP) Coverage" and "Drive Other Car Coverage" endorsements to the policy. On these facts, as in *Pinto*, we hold that Murawski was not a "named insured" nor could he reasonably have expected to be based on the policy's language.

That said, Murawski obviously was an "insured" under the CNA policy for purposes of UIM coverage because he was occupying a covered auto at the time of the accident. Although Murawski did not own a vehicle and was not even a licensed driver (and thus did not have his own automobile insurance policy), CNA nonetheless claimed that the step-down provision applied because Murawski was insured as a resident relative under his mother's Allstate automobile policy, which carried a UIM limit of $100,000. Thus, CNA sought to demonstrate that Murawski maintained a dual residency, living both with his girlfriend and with his mother, and accordingly the "limit of liability" for UIM coverage under the employers policy should be stepped-down to $100,000, the amount of coverage under the mother's policy. Discovery on the dual residency issue was curtailed when Murawski filed a motion for summary judgment alleging that the policy was ambiguous in respect of his status as a "named insured."

The trial court found ambiguity because in its view the "step-down" provision could be interpreted, in the absence of an individual named insured, to cover *all* employees of the company or to cover *no* employee of the company. It resolved the ambiguity in respect of who was intended to be covered as a "named insured" of the corporation in favor of Murawski. The Appellate Division, in an unpublished opinion, reversed:

The UM/UIM clause is clear, unambiguous and uncontroverted by any other clause contained in the CNA business auto policy. No ambiguity was created by the naming of the Ruthbergs as individual named insureds in the Broadened PIP Coverage endorsement. Although clearly an "insured" under CNA's business auto policy by reason of his occupation of a vehicle insured under that policy, there is no basis to conclude that Murawski was an "individual named insured" under that policy.

The panel remanded the case for further proceedings on whether Murawski resided with his mother so as to satisfy the "family member" criterion of the step-down provision. We granted Murawski's petition for certification, 180 *N.J.* 152, 849 *A.*2d 184 (2004), and now affirm the judgment of the Appellate Division substantially for the reasons expressed herein and in our decision in *Pinto, supra.* This matter is remanded to the Law Division for further proceedings on the sole factual issue remaining.

Justice ZAZZALI, dissenting.

The majority opinions in both *Pinto v. New Jersey Manufacturers Ins. Co.*, 183 *N.J.* 405, 874 *A.*2d 520 (2005), and in this appeal represent principled efforts to address an important question, but I would reach different resolutions of these matters. For the reasons that I express in my dissent in *Pinto, supra*, I respectfully disagree with the majority's opinion. I add only the following.

According to the majority, Murawski cannot recover UIM benefits under his employer's auto insurance policy because he is not a named insured. The concerns that I identify in my *Pinto* dissent apply to this matter as well because this policy contains an ambiguous provision identical to the one at issue in *Pinto.* However, the argument favoring full UIM coverage applies with even greater force here because, as a practical matter, it is nearly impossible for an employer such as Belafsky to designate employees by name in its policy.

Identifying individual employees in the policy would require Belafsky to amend its policy each time it hires or loses an employee. As Murawski argues, that requirement would be partic-

ularly onerous in these circumstances because Belafsky's employees are members of a construction trade, apparently roofers. In the construction industry, it is common for changes in the employee complement to occur on a regular basis, sometimes daily. To meet its staffing needs for a project, Belafsky may obtain employees from the local hiring hall, recall former employees, or hire "off the street." The fact that construction employees often commence work early in the morning, long before insurance agencies open for business, further hinders the ability of an employer to amend the policy on a continuing basis. It simply may not be possible for Belafsky to designate an employee as a named insured in those early hours. Accordingly, the failure to name individual employees in the policy does not suggest that Belafsky intended to limit coverage for its employees. Rather, given the constantly changing employee roster, we should construe the reference to the corporation as the named insureds to encompass all of Belafsky's current employees on a given date.

I therefore would hold that Belafsky likely intended to purchase a policy that covered all of its employees. In fact, the trial court found that the "more valid" interpretation of the policy is that Murawski's employer intended that "every employee be a named insured rather than [that] no employee be a named insured." However, even if there is doubt in that regard, principles of statutory construction require us to resolve that ambiguity in favor of Murawski. *See, e.g., Botti v. CNA Ins. Co.,* 361 *N.J.Super.* 217, 224, 824 *A.*2d 1120 (App.Div.2003). Because I believe that Murawski is a named insured, I would not remand for a determination whether he is a resident of his mother's household and, therefore, covered by her auto insurance. Instead, I would enter judgment in favor of Murawski and allow him to recover full UIM benefits under Belafsky's insurance policy.

Justice ALBIN joins in this dissent.

*For affirmance and remandment*—Chief Justice PORITZ and Justices LaVECCHIA, WALLACE and RIVERA–SOTO—4.

*For reversal*—Justices ZAZZALI and ALBIN—2.