878 A.2d 1 (2005)
379 N.J. Super. 296
Toshiba A. STRICKLEN, Plaintiff-Appellant,
v.
Ermanno FERRUGGIA, Defendant-Respondent, and
State Farm Insurance Company, Defendant.
No. A-4851-03T2.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 2005.
Decided June 30, 2005.
James C. Mescall, West Orange, argued the cause for appellant (Mescall & Acosta, attorneys; Mr. Mescall, on the brief).
Michael J. Leegan argued the cause for respondent (Hack, Piro, O'Day, Merklinger, Wallace & McKenna, attorneys; Mr. Leegan and Susan Gajarsky, on the brief).
Before Judges NEWMAN, AXELRAD and LANDAU.
The opinion of the court was delivered by
AXELRAD, J.T.C. (temporarily assigned).
In this appeal, we are faced with the novel issue of whether an injured co-owner of an automobile involved in an accident, who is an "additional driver" but not a "named insured" on the policy, and who is not a member of the named insured's household under the statutory definition, is bound by the election of the verbal threshold option by her co-owner who was the only owner listed as the "named insured" on the policy. The motion judge found in the affirmative. We affirm.
On August 20, 2000, plaintiff Toshiba Stricklen, also known as Toshiba Evans, was involved in an automobile accident with defendant Ermanno Ferruggia at the intersection of South Orange Avenue and Twelfth Street in Newark, New Jersey, while operating a 1999 Ford Explorer. *2 According to the police report, each party claimed the other person ran a red light and struck his or her respective vehicle. Plaintiff was taken by ambulance to the Columbus Hospital emergency room and released later that day. She complained of injuries to her neck, back and right knee. Her chiropractor's diagnosis was post-traumatic cervical sprain/strain, thoracic sprain/strain, muscle spasm, lumbar sprain/strain and cephalgia.
At the time of the accident, plaintiff resided at 271 1/2 Sixth Avenue in Newark with her grandmother Ruth Johnson and her uncle Kenneth Evans (uncle or Evans). Evans had obtained an automobile liability policy with defendant State Farm Insurance Company (State Farm) for the Explorer and a 1987 GMC Sl5 Jimmy which was in effect on the date of the accident.[1] The declaration page of the policy, which is the only insurance documentation contained in the appendix, is addressed to Evans. Under "Additional Policy Information," it lists both Evans and plaintiff[2] with their respective tier and driver point history and states "Limitation on Lawsuit Option." The following section, "Driver(s) in Household," states "[t]he following list of drivers is shown for informational purposes only and does not extend or expand coverage beyond that contained in this automobile policy. Our records indicate the persons listed below are the only licensed drivers reported to us: KENNETH EVANS, TOSHIBA EVANS."
On September 8, 2000, plaintiff signed an affidavit with reference to the action, stating in pertinent part:
3. Neither I nor any member of my household was the owner of an automobile.
4. I am not otherwise entitled to New Jersey Automobile No-Fault benefits for this accident.
5. I am, therefore, executing this affidavit in order to receive New Jersey Automobile No-Fault benefits under the State Farm Insurance Company's policy issued to Kenneth Evans.
Plaintiff deposed that her uncle owned both the Jimmy and the Explorer, she had access to both cars, and although she usually drove the Explorer, she did not have exclusive use of that vehicle. She acknowledged she was listed on the subject State Farm policy.
The undisputed evidence is that plaintiff and Evans were co-owners of the Explorer at the time of the accident. The vehicle's "Odometer Disclosure Statement and Statement of Seller" (Odometer Statement) dated May 3, 2000 lists Evans as the buyer and plaintiff as the co-buyer; both individuals signed the buyer's signature lines. Additionally, plaintiff and her uncle are listed as sellers on a March 3, 200l Odometer Statement executed in connection with a sale of the car to Janice Evans. Plaintiff apparently acknowledged her faulty recollection as she did not dispute co-ownership before the motion judge or on appeal.
On August 2, 2002, plaintiff filed a personal injury action against Ferruggia, the alleged tortfeasor, who was also insured under a State Farm automobile liability policy. Plaintiff named State Farm as an additional defendant, asserting in the second *3 count of the complaint that it "provided no-fault insurance coverage to the plaintiff under a policy of insurance issued to her under policy no. 13 6032C1630A, in full force and effect at the time of the accident" and seeking the payment of medical expenses and benefits under the personal injury protection (PIP) provisions of the policy.
Ferruggia moved for summary judgment asserting that, as co-owner of the vehicle, plaintiff was subject to the terms and conditions of the insurance policy covering the Ford Explorer for the date of loss and, accordingly, was subject to the limitations of the verbal threshold, N.J.S.A. 39:6A-8a, under the policy it issued to her uncle. Defendant further argued that plaintiff's soft tissue injuries were insufficient to reach the threshold to assert a claim for non-economic loss. Plaintiff opposed the motion only on the ground she was not subject to the verbal threshold. Following oral argument on April 16, 2004, Judge Lombardi rendered an oral decision, memorialized in an order of the same date, granting Ferruggia's motion and dismissing plaintiff's complaint and all cross-claims with prejudice.
Plaintiff appealed and advanced the same argument made in opposition to Ferruggia's motion.[3] Plaintiff contends she is not bound by her uncle's election of the verbal threshold on the policy insuring the Explorer because she is not a "named insured" under N.J.S.A. 39:6A-2g or an immediate family member residing in his household, i.e., spouse or child, under N.J.S.A. 39:6A-8.1.
Summary judgment must be granted when the evidence presented, giving all favorable inferences to the non-moving party, demonstrates there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. R. 4:46-2; Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995). In other words, when the evidence is "so one-sided that one party must prevail as a matter of law." Brill, supra, 142 N.J. at 540, 666 A.2d 146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L. Ed.2d 202, 214 (1986)).
In reviewing a summary judgment ruling, we follow the same standard of review as required of the motion judge ruling on summary judgment with respect to the motion record. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.Super. 162, 167, 704 A.2d 597 (App.Div.1998) (citing Antheunisse v. Tiffany & Co., Inc., 229 N.J.Super. 399, 402, 551 A.2d 1006 (App.Div.1988), certif. denied, 115 N.J. 59, 556 A.2d 1206 (1989)). We first determine if there was a genuine issue of material fact; if there is not, then we determine whether the trial court's ruling on the law was correct, based on this court's interpretation of the law.
Plaintiff does not contend the matter is not ripe for summary judgment, rather she bases her challenge on the judge's interpretation of law. In determining whether the ruling was correct, we "may review the trial court's legal interpretation without limitation." Illva Saronno Corp. v. Liberty Hill Realty, Inc., 344 N.J.Super. 443, 450, 782 A.2d 473 (App.Div.2001); see also Manalapan Realty v. Township Comm. of Tp. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995) (holding that "[a] trial court's interpretation of the law and the legal consequences that flow from established *4 facts are not entitled to any special deference") (citing State v. Brown, 118 N.J. 595, 604, 573 A.2d 886 (1990); Dolson v. Anastasia, 55 N.J. 2, 7, 258 A.2d 706 (1969); and Pearl Assurance Co., Ltd. v. Watts, 69 N.J.Super. 198, 205, 174 A.2d 90 (App.Div.1961)).
Every owner of a vehicle "registered or principally garaged in this State," is compulsorily required to "maintain automobile liability insurance coverage," including medical expense benefits. N.J.S.A. 39:6A-3, -3.1, -3.2 and -4; Martin v. Chhabra, 374 N.J.Super. 387, 391, 864 A.2d 1155 (App.Div.2005). An owner who is injured while operating an uninsured vehicle is barred from pressing any "cause of action for recovery of economic or noneconomic loss." N.J.S.A. 39:6A-4.5a.
In New Jersey, residents have two automobile insurance policy options: (1) a "limitation on lawsuit" or verbal threshold, which bars a plaintiff's suit for non-economic damages unless the injuries sustained in the accident satisfy one of the categories set forth in N.J.S.A. 39:6A-8a; or (2) the "zero" or "no limitation on lawsuit" threshold, which allows an injured plaintiff to sue for non-economic damages without limitation, N.J.S.A. 39:6A-8b. Baduini v. Serina, 375 N.J.Super. 478, 480, 868 A.2d 372 (App.Div.2005). Thus a policyholder has the choice of paying higher premiums for the right to an unrestricted recovery of noneconomic damages or paying lower premiums for a limited right of recovery for such damages. DiProspero v. Penn, 183 N.J. 477, 486, 874 A.2d 1039 (2005).
N.J.S.A. 39:6A-8.1a provides, in pertinent part, that the elected tort option "shall apply to the named insured and any immediate family member residing in the named insured's household." "Named insured" is defined by N.J.S.A. 39:6A-2g as "the person or persons identified as the insured in the policy and, if an individual, his or her spouse, if the spouse is named as a resident of the same household. . . ." "Immediate family member" is defined as "the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not a named insured under another automobile insurance policy." N.J.S.A. 39:6A-8.1a.
No one disputes that plaintiff is not expressly identified in the State Farm policy as a "named insured," nor that as the named insured's niece she is excluded, by statutory definition, from classification of "immediate family member." N.J.S.A. 39:6A-8.1a.
Plaintiff has advanced a strict nominalistic approach based on a strict reading of the express language of the verbal threshold statute and terms of the State Farm policy, which she contends is consistent with the principles of statutory construction of insurance policies. N.J.S.A. 39:6A-8.1a uses the terms "named insured" and specifically-defined "immediate family members" residing in his or her household rather than "owner." According to plaintiff, since she fits within neither of these statutory categories, the policy should be enforced as written, and as merely an additional driver she should not be limited by the tort threshold elected by her uncle, the named insured. See, e.g., Pinto v. New Jersey Mfrs. Ins. Co., 365 N.J.Super. 378, 387, 839 A.2d 134 (App.Div.2004), affd, 183 N.J. 405, 874 A.2d 520 (2005); accord Botti v. CNA Insurance Co., 361 N.J.Super. 217, 224, 824 A.2d 1120 (App.Div.2003) ("[I]f there is no ambiguity present, an insurance contract will be enforced as written.").
Plaintiff further relies on Ibarra v. Ventrano, 302 N.J.Super. 578, 695 A.2d 757 (App.Div.1997) and Vamvakidis v. Peters, *5 327 N.J.Super. 287, 743 A.2d 332 (App.Div.2000). In Ibarra, we declined to expand the definition of "immediate family member" contained in N.J.S.A. 39:6A-8.1 to include a parent of the named insured living in her daughter's household, who did not own a vehicle of her own and was neither the spouse nor child of the named insured. Accordingly, we held that the named insured's mother, who had been injured while a passenger in her daughter's automobile, was not bound by the verbal threshold option elected by her child. Ibarra, supra, 302 N.J.Super. at 579-82, 695 A.2d 757. In arriving at this holding, we rejected the argument that "a person who collects PIP benefits under a policy should be bound by the verbal threshold contained in the policy," reasoning:
PIP benefits advance the legislative policy that all persons injured in automobile-related accidents should be quickly and effectively compensated for medical expenses and the other losses defined in N.J.S.A. 39:6A-4. The verbal threshold, however, is optional and the Legislature has determined that an insured's election should bind only the insured's spouse and resident children. It was rational for the Legislature to presume that an insured has the authority to bind her spouse and children but not others.
[Id. at 582, 695 A.2d 757].
In Vamvakidis, the plaintiff was an employee of a corporation wholly owned by her daughter and operated out of the plaintiff's home where the daughter resided. Vamvakidis, supra, 327 N.J.Super. at 289, 743 A.2d 332. The plaintiff was injured when she was rear-ended while operating a car owned by the corporation; neither she nor any member of the Vamvakidis household owned an automobile. Ibid. The corporation was the named insured on the automobile liability policy covering the vehicle involved in the accident. Id. at 291, 743 A.2d 332. We held that the plaintiff, as an employee who was neither a stockholder nor director, was not bound by the corporate election of the verbal tort threshold in part because she was not the "named insured" or "immediate family member" of the named insured. Id. at 291-94, 743 A.2d 332.
This case presents an entirely different situation. As plaintiff was the co-owner of the vehicle she was driving at the time of the collision, the holdings of Ibarra and Vamvakidis are not applicable. Neither of those plaintiffs owned a vehicle. Defendant's argument, adopted by the motion judge, is not that plaintiff is subject to all of the coverage afforded under the State Farm policy issued to her uncle, including the verbal threshold option, simply because she is a named driver on the policy or otherwise entitled to PIP benefits under the policy. Rather, defendant's argument is predicated on plaintiff's responsibility as co-owner of the Explorer to maintain liability coverage on the vehicle as mandated by our compulsory insurance statute, N.J.S.A. 39:6A-3. Judge Lombardi concluded that plaintiff's uncle implicitly acted as her agent in insuring the Explorer in accordance with N.J.S.A. 39:6A-3. Thus she should be subject to the verbal threshold tort option by virtue of her agent's election. He stated:
So she was required to have a policy taken out. Her uncle took it out. And I think under these circumstances . . . the only reasonable inference is that her uncle was acting as her agent because she was required to take out a policy. So the fact he took out a policy, he was part-owner, she was part-owner. . . . [S]ince she had the obligation to . . . insure the vehicle you can only conclude that Mr. Evans was her agent insuring the vehicle.

*6 It then comes down to that if an individual insures a vehicle they own partly and insures it on behalf or as the agent of the other owner, which they're required to do in the statute, and lists the part-owner as a driver on the policy, should that driver be subject to the . . . verbal threshold option in which Mr. Evans exercised or, you know, he did not pay for the additional insurance. So he filled out the policy that he is the named insured, would be subject to the verbal threshold.
Now, the statute does say that the verbal threshold would be binding on him, his spouse and his immediate family. As it's defined it would be his spouse and his children. And Miss Stricklen is only his niece. So under these circumstances the question is would it be reasonable and in accord with the intent of the policy if a part-owner has someone . . . insure the vehicle on their behalf to comply with the law and that person chooses the . . . verbal threshold and doesn't pay the extra insurance, should they be bound by that choice, or even though they're going to be a driver, even though they're part-owner, since the actual policyholder or named insured is not them and they're not a part of their family they should not.
Now, the one case cited to me I think by the plaintiffs, Ibarra v. Vetrano, 302 N.J.Super. 578, 695 A.2d 757, the last comments to that wherein whether family members should be bound, the court noticed that the Legislature has determined that an insured's election should bind an insured's spouse and resident children, and their comment was it was rational for the Legislature to presume that an insured has the authority to bind her spouse and children but not others.
Judge Lombardi insightfully framed the issue in this case in the following way:
I think what we're presented here is the same question but with a different factual content. Is it rational for the Court to interpret the statutory scheme providing for compulsory insurance, the PIP benefits and the verbal threshold to determine that a part-owner registered or title owner who has someone else register the vehicle as their named insured, even though they're listed as a driver, should the Court bind that person for such choice being made by their agent? And I think they should.
Since it's compulsory insurance and they have to get insurance, the fact that they choose someone else to get it for them and someone else to become the named insured, I think the only rational argument that could be drawn from that is they  they, too, should be bound by that choice being made. If  if she was not a registered owner and [was] only named as a driver and only a niece I would decide differently. But being a part-owner, having the obligation to register it and then she or somebody acting on behalf had to take out an insurance policy. And therefore, the person acting on her behalf, her uncle, I think she should be bound by his choice.
And for that reason I will grant the motion for summary judgment.
The record supports a finding that plaintiff implicitly relied on her uncle, with whom she resided, to insure and maintain the compulsory insurance coverage on the vehicle they jointly owned and for which she was required to maintain such insurance. Thus, Evans not only procured insurance on the Explorer on his own behalf as mandated by our State's compulsory insurance statute, but also as an agent of his niece, co-owner of the vehicle. "An agency relationship is created when one *7 party consents to have the other act on its behalf while retaining the right to control and direct such acts. . . . This relationship is not dependent upon the existence of an express agreement between the parties." Rodriguez v. Hudson County Collision Co., 296 N.J.Super. 213, 220, 686 A.2d 776 (App.Div.1997) (internal citation omitted); see also Sears Mortgage Corp. v. Rose, 134 N.J. 326, 337, 634 A.2d 74 (1993). Accordingly, plaintiff should not be entitled to any greater rights than were paid for by the co-owner of her vehicle, who opted for a verbal tort threshold at a reduced premium.
The trial court's decision is consistent with our subsequent holding in Martin, supra, 374 N.J.Super. at 387, 864 A.2d 1155.[4] In that case, the plaintiff suffered injuries in an automobile accident while operating a vehicle owned by him and registered in his name. Id. at 390, 864 A.2d 1155. His girlfriend, who did not reside with him, insured the vehicle and elected the verbal threshold tort option. Ibid. She was the only individual listed as the "named insured" on the policy, with both of them listed as "drivers" of the covered vehicle. Ibid. The plaintiff obtained PIP benefits under the policy as an occupant of the covered vehicle. Ibid. He filed a personal injury action and appealed the grant of summary judgment dismissing his non-economic loss claims under the verbal threshold, which we affirmed.[5]Id. at 389, 864 A.2d 1155. Relying on Ibarra, we held that because the plaintiff was neither the insured nor an immediate family member of the insured he was not bound under N.J.S.A. 39:6A-8.1 by his girlfriend's selection of the verbal threshold tort option. Id. at 390-91, 864 A.2d 1155. We concluded, however, he was still subject to the verbal threshold under N.J.S.A. 39:6A-8, based on his ownership of the vehicle which was registered in this State. Id. at 391, 864 A.2d 1155. Because of the plaintiff's failure to comply with the compulsory requirement of maintaining automobile liability insurance coverage, including medical expense benefits, he was an unlawfully uninsured person even though he was operating an insured vehicle. Id. at 391-92, 864 A.2d 1155. We reasoned, therefore, that he was statutorily precluded from recovering for noneconomic loss under N.J.S.A. 39:6A-8 which applies the verbal threshold "to any person subject to section 14 of P.L.1985, c. 520 (C.39:6A-4.5)." Id. at 392.
In Martin we noted that "[i]f plaintiff's girlfriend had been his agent, he might not have been subject to Section l4 of P.L. 1985, c. 520 [N.J.S.A. 39:6A-4.5], but may nevertheless have been subject to the verbal threshold by virtue of his agent's choice. See Tannenbaum & Milask, Inc. v. Mazzola, 309 N.J.Super. 88, 94, 706 A.2d 780 (App.Div.1998)." Id. at 392 n. 1, 864 A.2d 1155.
We recognize "[t]here is a fine line between interpreting statutory language and engrafting a judicial standard over that language." Serrano v. Serrano, 183 N.J. 508, 518, 874 A.2d 1058 (2005). We are also cognizant of the Supreme Court's recent decisions in the companion cases of Pinto v. New Jersey Mfrs. Ins. Co., 183 N.J. 405, 874 A.2d 520 (2005) and Murawski *8 v. CNA Ins. Co., 183 N.J. 423, 874 A.2d 530 (2005), strictly construing the term "named insured" in connection with an underinsured motorist (UIM) step-down clause in an employer's business automobile policy. In Pinto and Murawski the step-down provision of the policies capped the employer's UIM exposure at the limit provided by the employee's own automobile insurance policy or that of a resident family member, except that the step-down would be inapplicable if the employee qualified as a "named insured" under the employer's policy. Pinto, supra, 183 N.J. at 408, 874 A.2d 530; Murawski, supra, 183 N.J. at 424, 874 A.2d 530. The Court found unambiguous the policy language that named only the corporate entities as the "named insureds" and did not designate the employee who was injured in a covered vehicle in a work-related accident by name, or by implication, as a "named insured." Pinto, supra, 183 N.J. at 417, 874 A.2d 520; Murawski, supra, 183 N.J. at 424, 874 A.2d 530. Accordingly, the Court refused to characterize the employee as a named insured and avoid the step-down limitation. In order to avoid a potentially inequitable result where the employer was under a misapprehension that its employees had the status of named insureds under its business automobile insurance policy, the Court imposed a prospective duty on insurers, their agents and brokers to advise employers of the need to provide specific language in the policy that reflects the employer's intent to include employees as "named insureds." Pinto, supra, 183 N.J. at 417, 874 A.2d 520.
That plaintiff is not a "named insured" on the policy or a resident family member does not preclude a determination that she is bound by the verbal threshold limitation in the policy. The record supports the motion judge's finding that plaintiff's uncle implicitly acted as her agent in insuring the vehicle they jointly owned in accordance with our compulsory insurance statute. Accordingly, she is not entitled to any greater rights than were paid for by her co-owner of the vehicle and is thus bound by his election of the verbal threshold.
Affirmed.
NOTES
[1] Plaintiff's appendix inadvertently contains only the declaration page of the State Farm insurance policy number 6032-C216-30A covering the period from September 16, 2000 to March 16, 2001. It is undisputed the policy was in effect on the date of the accident and the subsequent declaration page is identical to this one.
[2] Plaintiff is listed on the policy as "Toshiba Evans."
[3] As plaintiff stated in her Appeal Case Information Statement that the case disposed of all issues as to all parties, it appears plaintiff has resolved her PIP claim with State Farm and has abandoned the Second Count of her complaint.
[4] We note there may be competing arguments advanced by an injured plaintiff who is a co-owner of a vehicle but not the named insured and a carrier based on an agency theory and a Martin theory in a case where the co-owner, who is the only named insured on the policy, pays the increased premium and selects a zero threshold option. We need not address that here as Evans opted for the verbal threshold.
[5] We reversed the dismissal of the plaintiff's economic claims.