**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1954-23

ANTONIO BELL, JR.,

    Plaintiff-Appellant,

v.

GEORGIE M. HARDY, PROGRESSIVE
CASUALTY INSURANCE COMPANY
and/or PROGRESSIVE
SOUTHEASTERN INS. CO.,

    Defendants-Respondents.

_____

Argued December 10, 2024 – Decided January 7, 2025

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6420-22.

Brian R. Lehrer argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Brian R. Lehrer, on the briefs).

John M. Kearney argued the cause for respondent Georgie M. Hardy (Sellar Richardson, PC, attorneys; John M. Kearney, of counsel and on the brief).

Bruno, Gerbino, Soriano & Aitken, LLP, attorneys for respondent Progressive Southeastern Ins. Co. (David L. Kowzun, on the brief).

PER CURIAM

Plaintiff Antonio Bell, Jr., appeals from the Law Division's April 29, 2024 order granting defendant Georgie M. Hardy's motion for summary judgment and dismissing plaintiff's complaint with prejudice for failure to obtain an automobile insurance policy with New Jersey mandatory minimum coverage limits, pursuant to N.J.S.A. 39:6A-4.5. After our careful review of the record and applicable jurisprudence, we affirm.

I.

We discern the facts from the summary judgment record, viewing them in the light most favorable to plaintiff, as the non-movant. See Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021). On August 9, 2021, plaintiff signed a lease for an apartment in Orange, New Jersey. Plaintiff's 2002 Kia Sportage (the Sportage) was electronically detected in New Jersey five times from May 2021 to February 2022. The Sportage was not detected in North Carolina during that period of time.

On January 30, 2022, plaintiff applied for a Progressive Southeastern Insurance Company (Progressive Southeastern) policy to insure two vehicles,

2

one of which was the Sportage. Plaintiff represented on the policy application that he resided in Charlotte, North Carolina and both vehicles were "primarily registered or garaged in North Carolina." In signing the application, he represented that all information was "true to the best of [his] knowledge and belief."

At plaintiff's deposition, he testified he was going back and forth between New Jersey and North Carolina around the time he submitted the insurance application. The deposition testimony of Progressive Southeastern's corporate representative established the carrier sometimes recognizes dual residency, but plaintiff never represented during the application process that he lived in both New Jersey and North Carolina.

Progressive Southeastern issued a North Carolina insurance policy covering two vehicles, effective February 4, 2022. The policy provided $1,000 coverage for "medical payments."

On February 28, 2022, plaintiff advised Progressive Southeastern to change his mailing address to Orange, New Jersey. Plaintiff did not inform Progressive Southeastern he was residing in New Jersey, nor did he inform the insurer there was any change to where his vehicle was principally garaged. The insurance declaration page sent to plaintiff on March 1, 2022 listed the location

3

where the vehicle was garaged as 28262, the zip code for Charlotte, North Carolina. Plaintiff testified at his deposition that he intended for Progressive Southeastern to rely on the change of mailing address to fully update his address and the location of the vehicles on the policy.

On April 13, 2022, plaintiff was sitting in his parked Sportage in West Orange, when Hardy struck the vehicle. By the time of the accident, plaintiff had obtained a New Jersey driver's license. However, the record shows the Sportage was still registered in North Carolina, bore North Carolina license plates, and was covered by a North Carolina insurance policy.

Progressive Southeastern denied plaintiff's claim for PIP benefits since it concluded plaintiff made a material misrepresentation on his policy application. Upon completing its investigation, Progressive Southeastern determined he resided solely in New Jersey, where the vehicle was principally garaged. Plaintiff subsequently sued Hardy alleging negligence and seeking damages for personal injury. Plaintiff amended his complaint to seek a declaratory judgment against Progressive Southeastern for the alleged improper denial of PIP benefits.

The trial court granted summary judgment to Hardy on March 1, 2024. Making findings in an oral statement of reasons, the court found plaintiff was statutorily required to maintain a New Jersey insurance policy with mandatory

4

coverage minimums because plaintiff was a resident of New Jersey where his Sportage was principally garaged.[1]  Finding plaintiff was barred from pursuing a personal injury claim under N.J.S.A. 39:6A-4.5, the trial court granted summary judgment to Hardy, stating:

> New Jersey has automobile insurance laws that require vehicles to have specific insurance coverage and specific insurance coverage minimums.  N.J.S.A. 39:6A-3[:] "Every owner or registered owner of an automobile registered or principally garaged in [New Jersey] shall maintain automobile liability insurance coverage."
>
> In defining where a car is principally garaged, the [c]ourt looks at the physical location where an automobile is primarily or is usually kept or where it is kept most of the time.  In this case, . . . plaintiff relocated from North Carolina to Orange, New Jersey[,] prior to the date of the accident[] and . . . testified that he garaged his 2002 Kia . . . in Orange, New Jersey at the time that [he] applied for the Progressive [Southeastern] insurance policy.

Relying on the holding in <u>Baduini</u>, the judge found:

> In this matter, . . . plaintiff's primary residence was New Jersey, and . . . [while] New Jersey does not have a scienter requirement, . . . [it is] significant [he] was aware that he had obtained North Carolina insurance instead of New Jersey insurance[.]  [U]nfortunately, [he] did not pay New Jersey for PIP insurance.  And [this] is required . . . to maintain a case for bodily injury.

---

[1]  The trial court certified the March 1, 2024 order as final for purposes of appeal.

A-1954-23

[Baduini v. Serina, 375 N.J. Super. 478 (App. Div. 2005).]

This appeal followed.[2]

## II.

We review the trial court's grant of summary judgment de novo under the same well-settled standard as the trial court in, Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016), finding summary judgment appropriate:

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted.
>
> [Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016) (citations omitted) (quoting R. 4:46-2(c)).]

"In light of the important interests at stake when a party seeks summary judgment, the motion court must carefully evaluate the record in light of the

---

[2]  A stipulation of dismissal with prejudice as to plaintiff's claims against Progressive Southeastern was filed on October 12, 2023. Plaintiff did not appeal the June 7, 2024 order granting Progressive Southeastern's unopposed motion for summary judgment.

governing law, and determine the facts in the light most favorable to the non-moving party." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (citing R. 4:46-2(c)). "With the factual record construed in accordance with Rule 4:46-2(c), 'the court's task is to determine whether a rational factfinder could resolve the alleged disputed issue in favor of the non-moving party[.]'" Id. at 481 (quoting Perez v. Professionally Green, LLC, 215 N.J. 388, 405-06 (2013)).

"Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Id. at 479 (alterations in original) (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 529 (1995)) (emphasis omitted).

Plaintiff posits that if Progressive Southeastern updated his garaging address when he changed his mailing address, "then he would have a valid New Jersey policy and a right to a bodily injury claim." Hardy argues that because plaintiff principally garaged his vehicle in New Jersey, he was required to maintain minimum PIP coverage under N.J.S.A. 39:6A-4 and, because he did not, the trial court did not err in finding plaintiff is statutorily barred from maintaining a personal injury action. Hardy further posits that since the statute has no scienter requirement, plaintiff's arguments about intending to change his insurance are irrelevant.

We address the parties' arguments in turn.

III.

In enacting no-fault automobile insurance laws, the Legislature sought to reduce the cost of automobile insurance for New Jersey residents. N.J. Mfrs. Ins. Grp. v. Holger Trucking Corp., 417 N.J. Super. 393, 402 (App. Div. 2011). In addition to the great need to reduce insurance costs for drivers, the Legislature contemplated easing the burden on New Jersey courts inundated with personal injury actions. Perelli v. Pastorelle, 206 N.J. 193, 203 (2011) (citing Caviglia v. Royal Tours of Am., 178 N.J. 460, 477 (2004)). With passage of the statute, "the Legislature wanted to ensure that 'an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which [the driver] did not contribute.'" Ibid. (quoting Caviglia, 178 N.J. at 471).

As a result, N.J.S.A. 39:6A-4.5 provides the failure of a New Jersey resident driver to purchase automobile liability insurance coverage that contributes to New Jersey's insurance pool bars the driver's recovery for economic and non-economic damages. Caviglia, 178 N.J. at 471. The Court has declared that:

> [N.J.S.A. 39:6A-4.5(a)] advanced two important
> objectives underlying New Jersey's no-fault automobile
> insurance laws. First, it "gives the uninsured driver a
> very powerful incentive to comply with the compulsory

insurance laws: obtain automobile liability insurance or lose the right to maintain a suit for both economic and noneconomic injuries." Second, it supports the statutory "policy of cost containment by ensuring that an injured, uninsured driver does not draw on the pool of accident-victim insurance funds to which he did not contribute." Thus, the present version of N.J.S.A. 39:6A-4.5(a) is animated by deterrence and cost-containment rationales.

[Aronberg v. Tolbert, 207 N.J. 587, 601 (2011) (internal citations omitted).]

N.J.S.A. 39:6A-3 and N.J.S.A. 39:6B-1 require all owners of vehicles registered or principally garaged in New Jersey to maintain a minimum amount of standard, basic, or special liability insurance coverage for bodily injury, death, and property damage caused by their vehicle. Since the term "principally garaged" as used in N.J.S.A. 39:6A-3 is not defined by statute, we have ascribed the term its "ordinary and well[-]understood meaning . . . ." Chalef v. Ryerson, 277 N.J. Super. 22, 27 (App. Div. 1994). In Chalef, we defined "principally garaged" as the "physical location where an automobile is primarily or chiefly kept or where it is kept most of the time." Ibid. A car owner's intent is not relevant to this determination. Id. at 28 (holding a plaintiff's stated intent was irrelevant where she had been living in New Jersey for four months prior to an accident and remained afterwards).

N.J.S.A. 39:6A-4.5(a) imposes a bar on recovery where the mandatory

minimum insurance coverage is not procured:

> Any person who, at the time of an automobile accident resulting in injuries to that person, is required but fails to maintain medical expense benefits coverage mandated by [N.J.S.A. 39:6A-4], [N.J.S.A. 39:6A-3.1] or [N.J.S.A. 39:6A-3.3] shall have no cause of action for recovery of economic or noneconomic loss sustained as a result of an accident while operating an uninsured automobile.

New Jersey law requires medical expense benefits coverage in the minimum amount of "$15,000 per person per accident" and $250,000 in coverage for certain emergency treatments. N.J.S.A. 39:6A-3.1, -4.

Because it is undisputed that plaintiff's primary residence was in New Jersey and the Sportage was principally garaged in New Jersey at the time of the accident, plaintiff was statutorily required to obtain a New Jersey insurance policy with the mandatory minimum PIP coverage. N.J.S.A. 39:6A-3, -4.5; N.J.S.A. 6B-1. Plaintiff failed to do so. His North Carolina policy with $1,000 of "medical payments" coverage was far below the required New Jersey PIP coverage of at least $15,000 per person. N.J.S.A. 39:6A-3.1, -4. As such, plaintiff is statutorily barred from maintaining a negligence action against Hardy. N.J.S.A. 39:6A-4.5.

Unlike N.J.S.A. 39:6A-4.5(c), subsection (a) contains no scienter requirement. Thus, principles of statutory construction compel a conclusion that

10

the plain language of N.J.S.A. 39:6A-4.5(a), bars relief regardless of plaintiff's argument that he intended to update his coverage address to New Jersey. See Hardy v. Abdul-Matin, 198 N.J. 95, 104 (2009) (rejecting a state of mind argument based on principles of statutory construction where the legislature included a scienter requirement in one section of a statute but not another). We cannot impose a scienter requirement where the Legislature has chosen not to do so. Id. at 105.

Although N.J.S.A. 39:6A-4.5(a) has been characterized as a "blunt tool" that may result in harsh outcomes, this is because the statute's self-evident purpose is to give maximum incentive to all motorists to comply with this State's compulsory no-fault laws. Aronberg, 207 N.J. at 601; see also Caviglia, 178 N.J. at 471. Harsh results do not justify departing from the express statutory language since "[i]t is not within [this court's] province to second guess the policymaking decisions of the Legislature when no constitutional principle is at issue." Id. at 602.

We are unconvinced by plaintiff's unsupported assertion "he would have a valid New Jersey policy and a right to a bodily injury claim" if Progressive Southeastern updated the address where the Sportage was principally garaged when he changed his mailing address. Plaintiff has not proffered any legal

authority underpinning his argument that Progressive Southeastern had any obligation to update the address where the vehicle was principally garaged based solely on plaintiff's change of his mailing address.

IV.

For completeness, we briefly address plaintiff's argument that summary judgment was improperly granted since he "may want to conduct additional depositions of Progressive representatives." While neither party detailed the discovery deadline in this case, plaintiff has failed to identify how any additional depositions would preclude summary judgment. Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007) ("A party opposing summary judgment on the ground that more discovery is needed must specify what further discovery is required, rather than simply asserting a generic contention that discovery is incomplete.").

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12